In the Matter of the Claim of EDWARD W. MAJEWSKI, Appellant, v. IROQUOIS MILLWORK CORP. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— MEMORANDUM BY THE COURT. Appeal by the claimant from a decision of the Workmen's Compensation Board which affirmed an award of the Referee of a schedule loss of 100% of the right arm made under the provisions of subdivision 3 of section 15 of the Workmen's Compensation Law and closed the case. Claimant contends that he is permanently and totally disabled as a result of the accident. The board's decision was partially based on the report of October 1, 1964 made by Dr. Joseph Berger, the Board Medical Examiner, in which he found a " schedule loss of use of the right arm of 100%." In addition, there is substantial evidence in the record supporting the conclusion that claimant was not totally disabled and sustained, instead, a partial permanent disability. The appellant contends, on this appeal, that the board erred in its decision based upon the written report of the Board Medical Examiner without taking his testimony, and thus denying claimant an opportunity to cross-examine the Board Medical Examiner. Appellant relies on this appeal on the decision of this court in *Matter of Colluccio* v. *Hermark Knitwear Corp.* (21 A D 2d 704) which remitted the claim to the board to permit the claimant to cross-examine the Board Medical Examiner. In that case, the Referee denied the request of the carrier for permission to examine the Board Physician, in respect of his report, and the board, in its decision, held "'that there is no need of cross-examination of the Board Medical Examiner.'" Appellant's repeated failures to raise the question of his right of cross-examination before the Referee and the board must be deemed a waiver and he may not, on this appeal, raise the issue to support his request for a remittal of the claim. (Workmen's

Compensation Law, § 23; *Matter of La Barge* v. *Mercy Gen. Hosp.*, 12 A D 2d 689; *Matter of Braune* v. *Haas*, 13 A D 2d 875; *Matter of Hamilton* v. *Healy Co.*, 14 A D 2d 364; *Matter of Kaleita* v. *Evans Greenaway, Inc.*, 15 A D 2d 979.) Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.