In the Matter of the Claim of EFRAIN MARTINEZ, Respondent, *v.* SALVATORE FICANO, Doing Business as SALVATORE FICANO BAKERY, et al., Respondents; UNINSURED EMPLOYERS' FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 6, 1967.

*Martin Bergman* for appellant.

*Samuel Goldberg* for claimant-respondent.

*Stanley S. Hansen* for Salvatore Ficano, respondent.

*Louis Busell* and *Joseph Soviero* for State Insurance Fund, respondent.

*Louis J. Lefkowitz, Attorney-General (Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

GABRIELLI, J. Appeal is taken by the Uninsured Employers' Fund from decisions of the Workmen's Compensation Board which held that a policy issued by the State Insurance Fund was properly cancelled.

Awards were made against the employer who defaulted in making the payments directed and, as provided by section 26-a of the Workmen's Compensation Law, the Uninsured Employers' Fund was notified of the default and payment of the awards was made by it. This Fund now seeks to have the State Insurance Fund held liable and be directed to reimburse the Fund on the ground that the compensation policy issued by the State Insurance Fund was improperly cancelled and was in effect at the time of the claimant's injury.

Ficano operated a small bakery and had obtained a workmen's compensation insurance policy from the State Insurance Fund, the last renewal thereof being effective November 22, 1962 for an additional year. The broker of record for the employer was Lemont and Grasso Agency Incorporated and on March 13, 1963 the State Insurance Fund received a letter on the stationery of the broker which stated "Please cancel policy effective 3/14/63 Assured has no employees". The policy itself was not enclosed but stapled to this letter was a Lost Policy Release dated March 13, 1963 directed to the State Fund by the employer-assured. This latter document identified the policy, its effective date and in the box asking for the reason for cancellation were written the words "No employees" and the document was then signed by the employer. Thereafter the State Insurance Fund by letter, concededly sent by regular mail, wrote the employer that the policy was cancelled on the basis of "no-employees", effective April 10, 1963. Notices of the cancellation were also sent to the broker, Compensation Rating Board and Chairman of the Workmen's Compensation Board. The record shows that claimant herein

did not commence work for the employer until April 13, 1963 and no one has contested the claim that the employer had no employees at the time the letter of March 13, 1963 was sent.

The main issue presented is whether the State Insurance Fund performed the requisite acts in effectively cancelling the policy in accordance with the provisions of subdivision b of section 94 of the Workmen's Compensation Law which applies to the State Insurance Fund and provides that: "Notwithstanding any of the provisions contained in subdivision five of section fifty-four of this chapter the fund [State Insurance Fund] may cancel a contract of insurance at any time during the contract period upon being furnished by an employer with proof satisfactory to the fund that he is no longer required to comply with section fifty of this chapter by reason of his having discontinued, sold, transferred, assigned or otherwise disposed of his business and has ceased employing workmen or operatives; or, where the insurance contract has been issued to cover the operations under a specific contract or at a specified location, that such operations have been completed or discontinued and the employment of workmen or operatives in connection therewith has ceased; provided, however, such cancellation shall not become effective until at least ten days after notice thereof shall have been filed in the office of the chairman."

The appellant's contention that this section requires the carrier to be furnished with proof (1) that the employer has no employees *and* (2) that he has discontinued or otherwise disposed of his business, is erroneous. In reaching this conclusion we are called upon to construe the intent of the Legislature in its enactment of the section (Workmen's Compensation Law, § 94, subd. b).

We would here note that upon receiving the letter requesting cancellation of the policy, it was not the duty of the carrier to make an independent investigation of the contents of the notice and request for cancellation. The above section permits the carrier to cancel, on request of the assured, on being furnished "with proof satisfactory to the fund" that the provisions of subdivision b of section 94 have been met. Certainly a letter from the assured's broker requesting cancellation, together with a statement signed by the assured stating he had no employees, can justifiably be construed as "proof satisfactory to the fund". We have previously held that such an independent investigation of the facts is not necessary when the request seems regular enough on its face to satisfy the carrier (*Matter of MacLain* v. *Eisenberg*, 9 A D 2d 560).

While we are not unmindful of the application of the rule requiring strict construction of statutes which provide for the cancellation of these policies, a logical and reasonable intent of any legislative enactment should be ascribed thereto. In this connection the court, in *Matter of Petterson* v. *Daystrom Corp.*, (17 N Y 2d 32, 38), defined the rule by saying that " we are not bound to accord a literal interpretation to this language if to do so would lead to an egregiously unjust or unreasonable result. (See, e.g., *Eck* v. *United Arab Airlines*, 15 N Y 2d 53, 62; *Matter of New York Post Corp.* v. *Leibowitz*, 2 N Y 2d 677, 685; see, also, *Cabell* v. *Markham*, 148 F. 2d 737, 739, affd. 326 U. S. 404.) ' In construing statutory provisions,' we wrote in the *New York Post* case (2 N Y 2d 677, 685–686, *supra*), ' the spirit and purpose of the statute and the objectives sought to be accomplished by the legislature must be borne in mind. " The legislative intent is the great and controlling principle. Literal meanings of words are not to be adhered to or suffered to ' defeat the general purpose and manifest policy intended to be promoted '." (*People* v. *Ryan*, 274 N. Y. 149, 152; see, also, *Matter of United Press Assns.* v. *Valente, supra*, 308 N. Y. 71, 83–84; *Matter of River Brand Rice Mills* v. *Latrobe Brewing Co.*, 305 N. Y. 36, 43–44.) ''

We must start out with the premise that compensation is required only if there be one or more employees (Workmen's Compensation Law, § 3, subd. 1, Group 14-a); for without employees there is no employer and, of course, no need for insurance coverage nor any useful purpose served in carrying any such coverage.

We cannot agree with the view expressed by appellant that the use of the word " and " in this section between the phrases that the employer " is no longer required to comply with section fifty of this chapter by reason of his having discontinued, sold, transferred, assigned or otherwise disposed of his business *and* has ceased employing workmen ", is to be used in the conjunctive. If such were the fact, the net effect could be to require an employer to go out of business in order to have a policy with the State Insurance Fund effectively cancelled. Brought to its logical conclusion, it appears that the legislative intent was that upon request the State Insurance Fund may cancel the policy when the employer ceases having employees *or* when he has discontinued or disposed of his business and *thus* has no employees. We, therefore, hold that cancellation could become effective when there are no longer any employees regardless of the employer's sale or discontinuance of his business,

Appellant also contends that the cancellation was ineffectual because the mandates of subdivision 5 of section 54 of the Workmen's Compensation Law were not complied with in that the carrier failed to give notice of cancellation to the employer by personal service or registered mail. It is conceded that notice thereof was by regular mail. An examination of this latter section reveals that it has reference to cancellation by the carrier whereas the cancellation under subdivision b of section 94 of the Workmen's Compensation Law is initiated by the employer. We would further point out that the method of cancellation set forth in subdivision b of section 94 of the Workmen's Compensation Law is prefaced by (and the section commences with the wording) "Notwithstanding any of the provisions contained in subdivision five of section fifty-four of this chapter". One interpretation alone can be thus placed on the language that the mailing requirements of the notice of cancellation are covered solely by subdivision b of section 94. This section contains its own requirements of notice to the chairman, largely repeated from subdivision 5 of section 54, but there is no repetition of the requirement of personal service or service by registered mail on the employer.

Appellant's additional objection regarding an evidentiary matter was not an issue raised before the board nor passed upon and it clearly is not subject to our review (e.g., *Matter of Galvez* v. *Gold Coast Enterprises,* 23 A D 2d 600; *Matter of Hedlund* v. *United Exposition Decorating Co.,* 15 A D 2d 973, mot. for lv. to app. den. 11 N Y 2d 646). Moreover, had it been properly raised, the objection would have been without merit (Workmen's Compensation Law, § 118).

The decisions should be affirmed.

HERLIHY, J. P., REYNOLDS, AULISI and STALEY, JR., JJ., concur.

Decisions affirmed, with costs to respondent State Insurance Fund.