■ In the Matter of the Claim of EDWARD SPANGENBERG, Respondent, v VIEW POINT REALTY CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, P. J. Appeal from a decision of the Workers' Compensation Board, filed August 3, 1990, which, *inter alia,* ruled that claimant has a continuing total industrial disability.

Claimant, a 38-year-old construction worker, injured his right shoulder, neck and back lifting lumber at work on August 21, 1985. As a consequence of his injuries, claimant was forced to stop working on February 15, 1987. Subsequent medical reports issued by claimant's attending physicians between February 1987 and June 1989 found that claimant's back injury rendered him totally disabled, as relevant to his eligibility for workers' compensation benefits. Martin Altchek, a consulting physician for the employer's workers' compensation insurance carrier, testified ᵗ a hearing in June 1989 that he had examined claimant in January and October 1988 and found that claimant was not disabled and could return to construction work. The Workers' Compensation Board Medical Examiner examined claimant on March 16, 1988 and found him to be partially disabled.

On January 9, 1991, a Workers' Compensation Law Judge found that subsequent to March 16, 1988, the date of his examination by the Board physician, claimant had a moderate partial disability. Benefits reflecting partial disability rates were awarded in a decision filed February 21, 1990.

Claimant subsequently appealed on March 23, 1990, contending that he was totally medically disabled through June 15, 1989 and that his medical condition, combined with his illiteracy and deafness in one ear, left him with a total industrial disability. The employer opposed the appeal, arguing that "the substantial medical evidence supports the findings of a moderate partial disability". In a decision filed on August 3, 1990, the Board found that claimant had a total industrial disability subsequent to March 16, 1988 and the Workers' Compensation Law Judge's decision was modified accordingly. This appeal by the employer followed.

We affirm. This court will sustain the Board's determination

that a disabling injury has extinguished a worker's wage-earning capacity when substantial evidence demonstrates that any remunerative work is beyond a worker's physical abilities *(see, Matter of Moore v RPM Indus.,* 144 AD2d 135). The issue of whether such a "total industrial disability" exists presents a question of fact for the Board *(see,* Workers' Compensation Law § 20; *Matter of Rourke v Reichhold Chem.,* 129 AD2d 949) and its decision here, in our view, is supported by substantial evidence. The record contains the medical opinion of the attending physician, John Handago, that claimant's pain was so severe and his spine so degenerative that he was, for a greater part of time since the accident, totally medically disabled. This medical evidence, coupled with the report of the Office of Vocational Rehabilitation that claimant could not be trained for new employment due to his physical condition and other occupational limitations, including the inability to read and total deafness in one ear, persuades this court that there is substantial evidence in the record to support the Board's conclusion that the ability to work and earn wages was no longer within claimant's powers *(see, Matter of Coluccio v Aenco, Inc.,* 147 AD2d 887, 888; *see also, Matter of Grandinetti v Syracuse Univ.,* 134 AD2d 683).

Mikoll, Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the decision is affirmed, with costs to the Workers' Compensation Board.