■ In the Matter of the Claim of KAREN YANARELLA, Appellant, v IBM CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [599 NYS2d 768] —Appeal from a decision of the Workers' Compensation Board, filed May 16,

1991, which, *inter alia,* ruled that claimant did not have a total industrial disability.

Claimant worked for the employer as a computer programmer in a manufacturing area where she was exposed to various chemicals. Claimant alleged that she suffered from "multiple chemical sensitivities" and sought a classification of total industrial disability. The medical examiner for the Workers' Compensation Board determined that claimant was only permanently partially disabled. In addition, a report from Upstate Rehabilitation Consultants concluded that claimant was "reasonably employable" as a computer programmer "in a non-manufacturing, non-heavy industrial environment". It also determined that with "minimal training" claimant could transfer her skills to the occupation of computer operator. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) classified claimant as permanently partially disabled. The Board affirmed the WCLJ's findings and this appeal followed.

We affirm. Although claimant argues that the WCLJ refused to allow her to cross-examine the Board's medical examiner, a review of the record reveals that she never requested such cross-examination and that she failed to raise this issue before the WCLJ. It was therefore waived and may not be asserted on this appeal *(see, Matter of Majewski v Iroquois Millwork Corp.,* 26 AD2d 886). In addition, although claimant requested the opportunity to cross-examine the medical examiner in her appeal to the Board she never contended that such a request had been previously made and improperly denied. Thus, the Board never passed upon this issue *(see, Matter of Martinez v Ficano,* 28 AD2d 215, *lv denied* 21 NY2d 642). There is also no merit to claimant's contention that she was denied a hearing on the issue of total industrial liability. The WCLJ informed the parties at the last hearing that it was their last opportunity for "evidentiary offers" and that he intended to make a final decision. Claimant had ample opportunity to request a further hearing on the question of industrial disability and failed to do so *(see, Matter of Di Leonardo v Heathcote Fish Mkt.,* 97 AD2d 576).

Finally, the medical evidence of the Board examiner, coupled with the report of Upstate Rehabilitation Consultants, provided substantial evidence to support the conclusion that claimant was not totally industrially disabled *(cf., Matter of Spangenberg v View Point Realty Corp.,* 178 AD2d 809; *Matter of Grandinetti v Syracuse Univ.,* 134 AD2d 683). Any conflicts

in the medical evidence presented questions of fact for the Board to resolve *(see, Matter of Korakis v Athas Mgt.,* 111 AD2d 1076).

Weiss, P. J., Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.