■ In the Matter of the Claim of JERRY J. MASTAN, SR., Appellant, v NASHUA TAPE PRODUCTS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [631 NYS2d 446] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed February 28, 1994, which, *inter alia*, ruled that claimant did not have a total industrial disability.

On May 10, 1989, claimant injured his right shoulder while working as a mill operator. Following two surgical procedures to correct problems with this shoulder, it was determined by the medical examiner for the Workers' Compensation Board that claimant was only permanently partially disabled. A hearing before a Workers' Compensation Law Judge (hereinafter WCLJ) was held, after which the WCLJ found based upon the medical evidence and claimant's own testimony that there is a permanent partial disability and claimant does not have a total industrial disability. The Board affirmed the WCLJ's findings and this appeal ensued.

We affirm. Claimant testified at the hearing that he can read and write and was capable of driving his car and assisting in household chores after the accident. The record also shows that claimant is extensively involved in the community and is an active and involved member of several civic organizations. The carrier's physician testified that while he agreed that claimant was permanently partially disabled, he found that claimant was benefiting from pain management counseling and could be gainfully employed in light duty work. Claimant's orthopedist also testified that claimant might be able to perform a light duty or sedentary job. We find this evidence to be sufficient to support the Board's factual determination that claimant did not have a total industrial disability (*see, Matter of Yanarella v IBM Corp.*, 195 AD2d 620, 621; *Matter of Buchanon v Adirondack Steel Casting Co.*, 175 AD2d 971).

While it is true that another of claimant's physicians opined that claimant had a total disability for his present occupation as a mill worker, he did not have an opinion as to whether claimant could be gainfully employed in light duty work. Claimant nevertheless argues that because he was found to be an unsuitable candidate for vocational rehabilitation in October 1991 and February 1992 because of his complaints of pain, the Board should have found him to be totally disabled. However, there is also evidence in the record, including testimony from a clinical psychologist and claimant himself, indicating that claimant was reluctant to be retrained to do work at a lesser wage because it would be "demeaning", thus raising the inference that claimant was unwilling to perform other work as opposed to being unable to do so. Accordingly, we conclude that the Board's findings were rationally based.

The remaining arguments raised by claimant have been examined and found to be either unpreserved or without merit.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.