■ In the Matter of the Claim of SOLOMON CAMPBELL, Appellant, v AC ROCHESTER PRODUCTS, DIVISION OF GENERAL MOTORS CORPORATION, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [701 NYS2d 500] —Graffeo, J. Appeal from a decision of the Workers' Compensation Board, filed February 4, 1998, which ruled that claimant did not have a total industrial disability and had no further causally related reduced earnings.

As the result of a work-related injury to his right hand and a subsequent work-related injury to his low back and both arms, claimant stopped working as a machine operator in 1991. He received awards of workers' compensation benefits for those injuries and the cases were closed. The Workers' Compensation Board subsequently classified claimant as permanently partially disabled and restored the cases to the trial calendar for further development of the record. The Board ultimately ruled that claimant did not have a total industrial disability and had no further causally related reduced earnings. Claimant appeals.

A claimant who has a permanent partial medical disability

may nevertheless have a total industrial disability where the medical limitations coupled with other factors, such as a limited vocational background, render the claimant totally incapable of remunerative work (*see, Matter of Spangenberg v View Point Realty Corp.*, 178 AD2d 809; *Matter of Coluccio v Aenco, Inc.*, 147 AD2d 887). The issue of whether claimant has such a total industrial disability presented a question of fact for the Board to resolve (*see, Matter of Spangenberg v View Point Realty Corp., supra*). The record contains evidence that, despite his disability, claimant retained a level of employability suitable for a variety of jobs available in his geographical area and which were consistent with his education, work history and transferable skills. Substantial evidence, therefore, supports the Board's finding that claimant does not have a total industrial disability (*see, Matter of Gaff v North Star Trucking*, 242 AD2d 758, *lv denied* 91 NY2d 803). Furthermore, claimant's testimony that he has not searched for any work and has not participated in vocational rehabilitation programs since January 1993 provides substantial evidence to support the Board's conclusion that claimant has no further causally related reduced earnings (*compare, Matter of Griffin v Syracuse Rigging Co.*, 259 AD2d 925; *Matter of Willis v Auxiliary Servs. Corp.*, 256 AD2d 803, *with Matter of Oken v Stanmorer Liq. Co.*, 251 AD2d 719).

Mercure, J. P., Peters, Spain and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.