■ In the Matter of the Claim of JEFFERSON UTLEY, JR., Respondent, v GENERAL MOTORS CORPORATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [728 NYS2d 306] —Crew III, J. Appeal from an amended decision of the Workers' Compensation Board, filed February 4, 1999, which, *inter alia*, ruled that claimant had sustained a total industrial disability that was not subject to apportionment.

In September 1987 claimant, a machine operator, sustained a compensable injury to his back and right knee when he fell at his place of employment. Claimant received workers' compensation benefits until August 1988, at which time he returned to work in a light duty capacity. When light duty work no longer was available, claimant was classified as permanently partially disabled. Thereafter, in 1995, claimant requested that he be classified as totally industrially disabled, effective September 13, 1989, his last day of employment. A hearing before a Workers' Compensation Law Judge ensued, at the conclusion of which the requested classification was granted, with 70% of such disability attributed to the compensable injury sustained by claimant in September 1987 and the remaining 30% attributed to claimant's other physical impediments, including tendinitis of the right elbow and bilateral carpal tunnel syndrome. Ultimately, a panel of the Workers' Compensation Board rendered an amended decision finding, *inter alia*, that claimant's total industrial disability was not subject to apportionment. This appeal by the employer followed.

We affirm. A claimant who has a permanent partial disability may be classified as totally industrially disabled where the medical limitations imposed by the underlying disability, coupled with other factors, such as the claimant's educational background and work history, render the claimant incapable of salaried employment (*see, Matter of Campbell v AC Rochester Prods.*, 268 AD2d 711, 711-712; *Matter of Spangenberg v View Point Realty Corp.*, 178 AD2d 809, 809-810). Whether a claimant indeed has sustained a total industrial disability is a question of fact for the Board to resolve (*see, Matter of Spangenberg v View Point Realty Corp., supra*, at 810).

Here, the record reflects that the compensable injury that claimant suffered in September 1987 limited claimant's ability to bend, lift, stand or sit for any length of time or drive a motor vehicle. According to Julia Craner, the rehabilitation counselor who evaluated claimant on behalf of the Board, these physical

limitations, coupled with claimant's age, educational background, employment history and his use of prescription medication to control his pain, reduced claimant's chances of locating gainful employment to "zero." Although the vocational rehabilitation counselor testifying on behalf of the employer expressed a contrary view, this presented a conflict in the testimony for the Board to resolve (see, Matter of August v Chromalloy R & T, 240 AD2d 966, 967, lv dismissed 90 NY2d 1007). As the record as a whole contains substantial evidence to support the Board's decision in this regard, it will not be disturbed.

We reach a similar conclusion regarding the Board's finding that apportionment was not warranted. "[A]pportionment of a workers' compensation award presents a factual issue for the Board to determine" (id., at 967). Although the record reflects that claimant indeed suffered from ailments distinct from his compensable injuries, the record also reflects that it was the compensable injuries to claimant's back and right knee, not claimant's other medical problems, that rendered claimant incapable of working. Under such circumstances, we cannot say that the Board erred in concluding that the underlying disability was not subject to apportionment.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the amended decision is affirmed, without costs.