■ In the Matter of the Claim of CASPER FORTE, Appellant, v CITY AND SUBURBAN et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [739 NYS2d 761] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed March 21, 2001, which ruled that claimant's work-related injury caused a mild partial disability and made an award of workers' compensation benefits.

Claimant sustained a work-related back injury in January

1997 and thereafter was paid worker's compensation benefits at the maximum rate, reflecting a total disability, until March 1997, at which time the benefit rate was reduced to reflect a mild partial disability. This reduction apparently was based upon a report of the consultant for the employer's workers' compensation carrier. At subsequent hearings, claimant's treating physician and a second expert for the carrier offered their respective opinions regarding the extent of claimant's disability. Crediting the testimony of the carrier's expert, the Workers' Compensation Board concluded that claimant had a mild partial disability and made awards incorporating the reduced rate. Claimant now appeals.

Claimant initially contends that the Board applied the wrong standard based upon its failure to determine whether claimant's disability, although partial in nature, nevertheless extinguished his wage-earning capacity. "A claimant who has a permanent partial disability may be classified as totally industrially disabled where the medical limitations imposed by the underlying disability, coupled with other factors, such as the claimant's educational background and work history, render the claimant incapable of salaried employment * * *" (*Matter of Utley v General Motors Corp.*, 285 AD2d 843, 843 [citations omitted]). "[W]hether such a 'total industrial disability' exists presents a question of fact for the Board" (*Matter of Spangenberg v View Point Realty Corp.*, 178 AD2d 809, 810).

Here, the record demonstrates that the issue of total industrial disability was not raised before the Workers' Compensation Law Judge; rather, the parties focused exclusively upon the extent of claimant's medical limitations. Thus, there was no attempt to develop the record with regard to other, nonmedical factors relevant to the total industrial disability issue. Assuming that claimant's application for Board review could be construed as raising this issue, the Board was not obligated to consider it (*see*, 12 NYCRR 300.13 [e] [1] [iii]). Accordingly, we reject claimant's argument that the Board erred in failing to rule upon the total industrial disability issue.

Claimant next contends that the Board erred in failing to find that the degree of his disability was such that, when applied to his average weekly wage, it would result in the continuation of benefits at the maximum rate. A claimant's degree of disability is a factual issue for the Board to resolve and where, as here, the record contains conflicting medical opinions on the issue, resolution of that conflict is within the province of the Board (*see, e.g., Matter of Rochel v Gardiner Manor Mall*, 259 AD2d 840). Based upon our review of the record as a whole, we

are unable to discern a basis upon which to disturb the Board's findings that claimant had a mild partial disability and that an award at the reduced rate was appropriate. Claimant's remaining contentions, to the extent that they are properly before us, have been examined and found to be lacking in merit.

Cardona, P.J., Spain, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.