■ In the Matter of the Claim of ERNEST DEMEL, Appellant, v NORTHERN TELECOM, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [772 NYS2d 624]—

Spain, J. Appeal from an amended decision of the Workers' Compensation Board, filed September 18, 2002, which, inter alia, denied claimant's request to reclassify him as permanently totally disabled.

As the result of an employment-related accident in February 1984, claimant injured his back and sustained posttraumatic stress disorder and hyperhidrosis (a disorder of the nerve endings). Multiple evidentiary hearings ensued, after which claimant was classified with a permanent partial disability and awarded continuing workers' compensation benefits. Seeking to be classified with a permanent total disability, claimant successfully requested that his case be reopened, giving rise to yet another hearing, held in March 2000. By amended decision, filed September 18, 2002, a panel of the Workers' Compensation Board denied claimant's request for reclassification as permanently totally disabled, noting that the issue of claimant's degree of disability had been repeatedly litigated, his status as permanently partially disabled had been consistently reaffirmed, and no medical evidence supporting a change in his condition had been produced. The Board panel further found that claimant's application should be denied because claimant had failed to file a completed application for Board review (*see* 12 NYCRR 300.13 [e] [1] [i]). Claimant appeals from the Board's amended decision.

We affirm. Substantial record evidence exists to support the Board's determination rejecting claimant's request to be reclassified as totally disabled. Claimant failed to complete his application or offer any new medical evidence supporting his claim and, thus, the Board justifiably relied on its review of the extensive litigation on this issue and affirmed its earlier decision. Our review of the record reveals no basis upon which to disturb the Board's determination that claimant has a permanent partial disability (*see Matter of Forte v City & Suburban*, 292 AD2d 738, 739-740 [2002]; *Matter of Ronda v Edenwald Contr.*, 216 AD2d 741, 741 [1995]).

To the extent that claimant is arguing that his April 23, 2002 pro se request for full Board review was improperly denied, we note that such denial was not rendered by a Board decision, but by a letter from the Office of General Counsel and, as such, is not appealable (*see Matter of Drummond v The Desmond*, 295 AD2d 711, 713 [2002], *lv denied* 98 NY2d 615 [2002]). In any event, the denial of claimant's request for full Board review was neither arbitrary nor capricious (*see Matter of Jean-Lubin v Home Care Servs. for Ind. Living*, 295 AD2d 825, 826 [2002]; *Matter of Thompson v General Motors Corp./Delphi Harrison*, 276 AD2d 820, 821 [2000]).

Mercure, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the amended decision is affirmed, without costs.