■ In the Matter of the Claim of JOSEPH BARSUK, Appellant, v JOSEPH BARSUK, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [807 NYS2d 195]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed November 17, 2003, which ruled that claimant's work-related injury resulted in a 90% schedule loss of use of the right arm.

In 1997, claimant suffered a near amputation of his right arm when he fell into a scrap metal shearing machine on which he was performing maintenance. As a result of this accident, claimant applied for and received workers' compensation benefits. In 2003, a Workers' Compensation Law Judge rejected claimant's position that he was totally industrially disabled, determined that he had a 90% schedule loss of use of the right arm and made a corresponding award. Upon administrative review, the Workers' Compensation Board affirmed, prompting this appeal by claimant.

A claimant who has a permanent partial disability may nonetheless be classified as totally industrially disabled where the limitations imposed by the work-related disability, coupled with other factors, such as limited educational background and work history, render the claimant incapable of gainful employment (*see Matter of Forte v City & Suburban*, 292 AD2d 738, 739 [2002]; *Matter of Utley v General Motors Corp.*, 285 AD2d 843,

843 [2001]; *Matter of Campbell v AC Rochester Prods., Div. of Gen. Motors Corp.*, 268 AD2d 711, 711-712 [2000]). Whether a claimant has a total industrial disability is a factual issue to be resolved by the Board and the Board's determination will not be disturbed so long as it is supported by the record (*see Matter of Forte v City & Suburban, supra* at 739; *Matter of Utley v General Motors Corp., supra* at 843; *Matter of Campbell v AC Rochester Prods., Div. of Gen. Motors Corp., supra* at 712). Our review of the record in this case reveals that the medical experts agree that claimant has a 90% loss of use of the right arm and claimant's vocational rehabilitation expert testified that, when this restriction is combined with claimant's age, educational limitations and difficulty focusing, claimant is not a viable candidate for employment in any capacity. As there is no evidence to the contrary, the only conclusion supported by the record is that claimant is totally industrially disabled as a result of his work-related disability. Thus, the Board's decision is without support and cannot be upheld.

Mercure, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.