■ In the Matter of the Claim of ROBERT NEWMAN, Appellant, v XEROX CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [850 NYS2d 711]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed June 20, 2007, which ruled that claimant did not have a total industrial disability.

In 1984, 1987 and 1988, claimant sustained compensable injuries to his neck, shoulder and back—two while employed by Xerox Corporation and the third while employed by Monroe County Septic Service. Claimant ceased working in 1989, but was able to obtain his GED in 1990. Claims were eventually established, claimant was determined to be permanently partially disabled and liability was apportioned with respect to the three injuries. As is pertinent here, in 2005 claimant raised the issue of total industrial disability, but the Workers' Compensation Board ultimately determined that claimant had failed to prove that he was totally industrially disabled. Claimant now appeals.

"A claimant who has a permanent partial disability may nonetheless be classified as totally industrially disabled where the limitations imposed by the work-related disability, coupled with other factors, such as limited educational background and work history, render the claimant incapable of gainful employment" (*Matter of Barsuk v Joseph Barsuk, Inc.*, 24 AD3d 1118, 1118 [2005], *lv dismissed* 6 NY3d 891 [2006], *lv denied* 7 NY3d 708 [2006] [citations omitted]; *see Matter of Utley v General Motors Corp.*, 285 AD2d 843, 843 [2001]; *Matter of Campbell v AC Rochester Prods., Div. of Gen. Motors Corp.*, 268 AD2d 711, 711-712 [2000]). The issue of whether a claimant has a total industrial disability is a question of fact for the Board to resolve, and the Board's determination will not be disturbed if supported by substantial evidence (*see Matter of Barsuk v Joseph Barsuk, Inc.*, 24 AD3d at 1119; *Matter of Utley v General Motors Corp.*, 285 AD2d at 843; *Matter of Campbell v AC Rochester Prods., Div. of Gen. Motors Corp.*, 268 AD2d at 712; *Matter of Spangenberg v View Point Realty Corp.*, 178 AD2d 809, 809-810 [1991]).

We begin by observing that the resolution of conflicting medical evidence is the province of the Board (*see Matter of Yanarella v IBM Corp.*, 195 AD2d 620, 621-622 [1993]; *Matter of Prouty v Monroe Contrs. Equip.*, 178 AD2d 698, 699 [1991]) and we find no basis upon which to disturb the Board's crediting of the report of claimant's treating physician, which listed claimant's work restrictions as "bending, pushing, pulling and lifting over 25 pounds." This report, coupled with the testimony of the vocational rehabilitation counselor who met with claimant, reviewed his records and testified that employment opportunities existed for an individual with claimant's background and his lifting and movement restrictions, established that claimant was capable of being gainfully employed, although not in manual labor work as he previously had been (*see Matter of Campbell v AC Rochester Prods., Div. of Gen. Motors Corp.*, 268 AD2d at 712; *Matter of Gaff v North Star Trucking*, 242 AD2d 758 [1997], *lv denied* 91 NY2d 803 [1997]; *Matter of Mastan v Nashua Tape Prods.*, 219 AD2d 766 [1995]). Consequently, inasmuch as claimant provided no evidence of any search for suitable employment since he ceased working, substantial evidence supports the Board's determination that claimant was not totally industrially disabled (*see Matter of Gaff v North Star Trucking*, 242 AD2d at 758).

Peters, J.P., Rose, Kane and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.