■ In the Matter of the Claim of PING GUAN, Appellant, v CPC HOME ATTENDANT PROGRAM, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [854 NYS2d 808]—

Malone Jr., J. Appeal from a decision of the Workers' Compensation Board, filed December 29, 2006, which, among other things, ruled that claimant did not have a total industrial disability.

Claimant, who was born in 1952, moved from China to the United States in 1999 and became a home health aide after completing a three-week course taught in Chinese. In September 2003, she was working in such capacity when she injured herself while lifting a 180-pound client. As a result, she filed applications for workers' compensation benefits for injuries to her lower back, left leg, hands and wrists. The Workers' Compensation Board rendered a decision finding that claimant had sustained work-related injuries to her left leg, hands and wrists, which was later amended to include her back. She was subsequently awarded benefits for the period September 2003 through May 2004 at the total disability rate of $326 per week.

Thereafter, a Workers' Compensation Law Judge found that claimant had a causally related disability of a moderate-marked degree and continued benefits from May 2004 through March 2005 at a reduced rate. On appeal, the Board found, among other things, that claimant had a continuing causally related disability of a moderate-marked degree subsequent to May 2004, but that further development of the record was necessary on the issue of causally related loss of earnings subsequent to March 2005. Following further fact-finding hearings, a Workers' Compensation Law Judge found that claimant was permanently partially disabled resulting in a total industrial disability and awarded her benefits of $326 per week. On appeal, the Board ruled that she did not have a total industrial disability and reduced her benefits to $163 per week. Claimant appeals.

Initially, we note that a permanently partially disabled claimant may be found to have a total industrial disability " 'where the medical limitations imposed by the underlying disability, coupled with other factors, such as the claimant's educational background and work history, render the claimant

incapable of salaried employment' " (*Matter of Forte v City & Suburban*, 292 AD2d 738, 739 [2002], quoting *Matter of Utley v General Motors Corp.*, 285 AD2d 843, 843 [2001]; *see Matter of Campbell v AC Rochester Prods., Div. of Gen. Motors Corp.*, 268 AD2d 711, 711-712 [2000]). The existence of a total industrial disability is a question of fact to be resolved by the Board whose decision will be upheld if supported by substantial evidence (*see Matter of Spangenberg v View Point Realty Corp.*, 178 AD2d 809, 810 [1991]).

In the case at hand, the Board credited the opinion of one of claimant's treating physicians over the contrary opinion of the workers' compensation carrier's medical expert in finding that claimant suffered from a permanent partial disability that rendered her unable to perform many of the tasks required of a home health aide. Its credibility determination in this regard is entitled to deference (*see Matter of Schmeling v New Venture Gear*, 45 AD3d 1071, 1072 [2007]). The Board also considered evidence relating to claimant's educational background, training, vocational skills and age as presented through the report and testimony of claimant's vocational rehabilitation expert. The expert opined that, based upon claimant's lack of English language proficiency, advancing age, limited education and training, impaired manual dexterity, reduced physical stamina and limited attention span, she was unemployable. Significantly, the Board adopted this finding and concluded that such factors, combined with claimant's medical limitations, "render[ed] her unable to return to *any type of employment*" (emphasis added). Nevertheless, it concluded that claimant did not sustain a total industrial disability. Inasmuch as the Board's conclusion is inconsistent with its own factual findings, as well as the uncontradicted opinion of the vocational rehabilitation expert, its decision is not supported by substantial evidence and cannot be upheld (*see Matter of Barsuk v Joseph Barsuk, Inc.*, 24 AD3d 1118, 1119 [2005], *lv dismissed* 6 NY3d 891 [2006], *lv denied* 7 NY3d 708 [2006]; *cf. Matter of Newman v Xerox Corp.*, 48 AD3d 843, 844 [2008]).

Cardona, P.J., Mercure, Spain and Stein, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.