In the Matter of LAURA GOVAN, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [878 NYS2d 839]—

McCarthy, J. Appeal from a decision of the Workers' Compen-

sation Board, filed December 1, 2006, which ruled, among other things, that claimant had sustained a permanent partial disability and awarded workers' compensation benefits.

Following a hearing, a Worker's Compensation Law Judge (hereinafter WCLJ) classified claimant, a former licensed practical nurse who had been pricked with a needle that had been used on an HIV patient, as permanently partially disabled as a result of post-traumatic stress disorder and awarded workers' compensation benefits. In this decision, the WCLJ also ordered the self-insured employer to withhold $2,800 pending a determination on the issue of counsel fees. The WCLJ thus continued the case for a reserved decision on this issue. Upon administrative appeal, the Workers' Compensation Board affirmed the finding of a permanent partial disability and did not consider the issue of counsel fees, noting that this issue had yet to be resolved. Claimant appeals.

We affirm. Substantial evidence supports the Board's finding that claimant was properly classified as permanently partially disabled, as opposed to permanently totally disabled (*see Matter of Demel v Northern Telecom*, 5 AD3d 820 [2004], *lv dismissed and denied* 3 NY3d 697 [2004]; *Matter of Forte v City & Suburban*, 292 AD2d 738, 739-740 [2002]). Claimant's treating psychiatrist since 2001 testified that, although he had previously considered her to be "totally disabled on a permanent basis," she has made some improvements. According to him, as of the hearing, she was permanently partially disabled and, while she could not return to her nursing profession, she might be able to perform menial, low-stress jobs, such as answering telephones. In reaching its conclusion that claimant is permanently partially disabled, as opposed to permanently totally disabled, the Board credited the testimony of this psychiatrist, which was within its province (*see e.g. Matter of VanDermark v Frontier Ins. Co.*, 60 AD3d 1171, 1172 [2009]). Significantly, no contrary medical testimony was offered, that is, no other medical expert testified that claimant, as of the hearing, was permanently totally disabled. Given that substantial evidence supports the Board's decision, we will not disturb it.

Finally, a May 15, 2008 decision of a WCLJ granting counsel fees in the amount of $2,800 to claimant's former attorney is not before us. While claimant filed an application for review of this particular decision, there is no indication that the Board itself has yet rendered any decision or that claimant timely filed a notice of appeal from any such Board decision (*see* Workers' Compensation Law § 23).

Rose, J.P., Kane, Kavanagh and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.