◼ In the Matter of the Claim of RODGER C. WOODING, Appellant, v NESTLE USA, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [906 NYS2d 185]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed April 10, 2009, which, among other things, ruled that claimant did not have a total industrial disability.

Claimant worked at a factory performing manual labor and, in 2003, suffered a compensable injury to his left arm. The Workers' Compensation Board affirmed a decision of the Workers' Compensation Law Judge finding that claimant had sustained a schedule loss of use to his arm but was not, as he claimed, totally industrially disabled. Claimant appeals and we affirm.

A claimant who suffers from a permanent partial disability may be classified as totally industrially disabled if the limitations imposed by the compensable injury, coupled with factors such as a limited educational background and work history, render him or her incapable of gainful employment (*see Matter of Barsuk v Joseph Barsuk, Inc.*, 24 AD3d 1118, 1118 [2005], *lv dismissed* 6 NY3d 891 [2006], *lv denied* 7 NY3d 708 [2006]). Whether a claimant sustained a total industrial disability is a question of fact, and the Board's resolution thereof will be upheld if supported by substantial evidence (*see Matter of Sacco v Mast Adv./Publ.*, 71 AD3d 1304, 1305 [2010]; *Matter of Guan v CPC Home Attendant Program, Inc.*, 50 AD3d 1218, 1220 [2008]).

Here, claimant has limited use of his left arm, however, a

vocational evaluation found him capable of performing sedentary work in fields such as sales or customer service with the appropriate training. Although a vocational counselor disagreed, opining that claimant's physical condition, when coupled with his age, educational background and employment history, seriously impaired his ability to find employment, the Board's determination concerning issues of credibility is entitled to deference (*see Matter of Sacco v Mast Adv./Publ.*, 71 AD3d at 1306; *Matter of Newman v Xerox Corp.*, 48 AD3d 843, 844 [2008]). Moreover, the counselor conceded that, despite his doubts as to the likelihood of claimant succeeding in retraining, success was possible. Inasmuch as substantial evidence in this record supports the finding that claimant suffered a schedule loss of use, rather than a total industrial disability, the Board's decision will not be disturbed (*see Matter of Newman v Xerox Corp.*, 48 AD3d at 844).

Claimant's remaining contentions have been examined and found to be lacking in merit.

Rose, Stein, McCarthy and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.