■ In the Matter of the Claim of MIGUEL SOLA, Respondent, v MICHAEL CORWIN, Doing Business as PAINTING YOUR HOME BEAUTIFUL, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [950 NYS2d 920]—

Malone Jr., J. Appeal from a decision of the Workers' Compensation Board, filed May 6, 2011, which ruled that claimant sustained a schedule loss of use and awarded workers' compensation benefits.

Claimant injured his left foot while working for the employer and was awarded workers' compensation benefits. Claimant's treating physician concluded that claimant sustained a 35% schedule loss of use of the foot and the employer was directed to have an independent medical examination (hereinafter IME) conducted. On January 28, 2010, the employer had an IME done. However, the IME report was not completed and submitted to the Workers' Compensation Board until March 12, 2010. After a hearing, the Workers' Compensation Law Judge granted claimant's motion to preclude the IME report for failure to comply with Workers' Compensation Law § 137, accepted the treating physician's opinion and awarded benefits to claimant. Upon review, the Workers' Compensation Board affirmed, prompting this appeal by the employer.

Initially, the record reflects that the IME report failed to meet the requirements set forth in Workers' Compensation Law § 137, including the requirements that the report be furnished

to the Board, the workers' compensation carrier, the claimant's treating physician, the claimant and the claimant's representative on the same day and in the same manner, and that the report be filed with the Board and furnished to the parties within 10 business days of the examination (*see* 12 NYCRR 300.2 [d]). Accordingly, the Board properly determined that the IME report was not admissible as evidence in this proceeding (*see* Workers' Compensation Law § 137; 12 NYCRR 300.2 [d]; *Matter of Estanluards v American Museum of Natural History*, 53 AD3d 991, 992 [2008]; *Matter of Olczyk v Verizon N.Y., Inc.*, 33 AD3d 1109, 1109 [2006]).

We also conclude that the Board's determination with regard to the schedule loss of use issue was supported by substantial evidence and, therefore, should not be disturbed (*see Matter of Govan v New York City Health & Hosps. Corp.*, 62 AD3d 1172, 1173 [2009]; *Matter of Cullen v City of White Plains*, 45 AD3d 1167, 1168 [2007]). The Board properly accepted the only medical evidence before it, that of claimant's treating physician, who testified that he treated claimant for over a year, that claimant's injury had reached maximum medical improvement and that, based upon his range of motion tests, there was a 15% plantar foot flexion loss, 10% dorsi flexion loss and 10% inversion and eversion deficit, resulting in a 35% schedule loss of use of the foot.

Mercure, J.P., Rose, Spain and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.