■ In the Matter of FREDERICK ROSE, Claimant, v ROUND-POINT CONSTRUCTION et al., Appellants. WORKERS' COMPENSA-TION BOARD, Respondent. [1 NYS3d 540]—

Lahtinen, J.P. Appeal from a decision of the Workers' Compensation Board, filed May 31, 2013, which ruled that claimant sustained a permanent total disability.

Claimant worked as a heavy equipment operator for the employer until June 4, 2009, when he experienced back and leg pain and had to stop working. His claim for workers' compensation benefits was established for a work-related low back injury. After hearings at which medical experts and providers testified on the issue of permanency, he was determined to have a moderate to marked permanent partial disability. At further hearings on claimant's wage earning capacity, he testified and offered the testimony and report of a vocational expert who opined that he was disabled from any employment. The Workers' Compensation Board thereafter affirmed a decision of the Workers' Compensation Law Judge that claimant was totally industrially disabled. The employer and its workers' compensation carrier appeal.

We affirm. Substantial evidence supports the Board's determination that claimant suffers a total industrial disability. "A claimant who has a permanent partial disability may nonetheless be classified as totally industrially disabled where the limitations imposed by the work-related disability, coupled with other factors, such as limited educational background and work history, render the claimant incapable of gainful employment" (*Matter of Barsuk v Joseph Barsuk, Inc.*, 24 AD3d 1118, 1118 [2005] [citations omitted], *lv dismissed* 6 NY3d 891 [2006], *lv denied* 7 NY3d 708 [2006]; *see Matter of Wooding v Nestle USA, Inc.*, 75 AD3d 1043, 1043 [2010]). Whether a claimant suffers from a total industrial disability is "a question of fact for the Board to resolve and its determination will not be disturbed if supported by substantial evidence" (*Matter of Sacco v Mast Adv./Publ.*, 71 AD3d 1304, 1305 [2010]).

Claimant, then 62 years old, testified that he dropped out of school in eighth grade, has limited reading and writing abilities and learning difficulties, and experiences chronic back pain. He has worked solely as a laborer in mining, construction and heavy equipment operation. He contacted his union and was told there was no work available given his physical restrictions. A vocational expert who examined claimant and reviewed his medical records concluded that his physical disabilities and restrictions on sitting, standing and walking, among others, preclude him from working in his former occupations, which all required physical labor and lifting. He opined that, given claimant's work history, limited education and capabilities, physical restrictions, rural location, severe chronic pain and the side effects of his medications, he is disabled from "any and all employment." The carrier did not present any vocational evidence, and its medical consultant recognized claimant's inability

to return to work as a laborer and the significant medical restrictions on his activities. We find there is substantial evidence to support the Board's factual determination that claimant suffers a total industrial disability (*see Sacco v Mast Adv./Publ.*, 71 AD3d at 1305).

McCarthy, Rose, Lynch and Clark, JJ., concur. Ordered that the decision is affirmed, without costs.