Matter of Rodriguez v Coca Cola (2019 NY Slip Op 08754)





Matter of Rodriguez v Coca Cola


2019 NY Slip Op 08754


Decided on December 5, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 5, 2019

528726

[*1]In the Matter of the Claim of Luis Rodriguez, Appellant,
v
Coca Cola et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: November 19, 2019

Before: Egan Jr., J.P., Lynch, Clark and Pritzker, JJ.


Rella & Associates, PC, Sleepy Hollow (David I. Tomack of counsel), for appellant.
Stewart, Greenblatt, Manning & Baez, Syosset (Thomas A. Lumpkin of counsel), for Coca Cola and another, respondents.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.
Stewart, Greenblatt, Manning & Baez, Syosset (Thomas A. Lumpkin of counsel), for Coca Cola and another, respondents.


Letitia James, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.



Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed September 12, 2019, which ruled, among other things, that claimant sustained a permanent partial disability and a 25% loss of wage-earning capacity.
In March 2009, claimant sustained injuries when he fell at work. His claim for workers' compensation benefits was established for an injury to his left leg, and the claim was later amended to include injuries to his neck, back, right shoulder, right wrist and right hip.[FN1] In 2016, Michael Bank, claimant's treating physician, opined that claimant had a 35% schedule loss of use of the right arm causally related to the March 2009 accident, as well as a 12.5% schedule loss of use of the right hand and a 7.5% schedule loss of use of the right leg. In so finding, Bank further opined that claimant had no residual impairment of the neck or back. In contrast, Lisa Nason, an independent medical examiner who examined claimant on behalf of the employer, opined that claimant suffered permanent injuries to his cervical, thoracic and lumbar spine at class 2 severity A ratings, causally related to the 2009 accident. A Workers' Compensation Law Judge (hereinafter WCLJ) classified claimant with a permanent partial disability of the cervical, thoracic and lumbar spine at a severity A rating but found a 0% loss of wage-earning capacity. Upon review, the Workers' Compensation Board found neither medical expert's opinion to be credible. Specifically, the Board rejected Bank's opinion that claimant did not have any residual impairment of the neck or back because, when Bank examined claimant in 2016, he admittedly did not examine claimant's neck or back. The Board rejected Nason's opinion because she did not review claimant's medical records from prior to the 2009 accident. Accordingly, the Board found that "no accurate determination can be made on permanency on the record currently developed." As a result, the Board rescinded the WCLJ's classification and remitted the matter back to its trial calendar for further development of the record.
Upon remittal, claimant presented the report and testimony of Bank, who again opined that claimant's condition warranted a schedule loss of use award and that claimant has no residual impairment of his neck or back. Bank admittedly did not base this opinion on a new examination of claimant, relying instead on his March 2016 examination during which he did not examine claimant's neck or back. Further, although the employer had claimant examined by a different independent medical examiner — who opined that claimant should be classified with a permanent partial disability due to impairments of his neck and back — the examiner admittedly did not review claimant's prior medical records. The WCLJ classified claimant with a nonschedule permanent partial disability due to residual impairments of the neck and back, with a 25% loss of wage-earning capacity. Despite again finding neither expert credible, the Board affirmed, and claimant appeals.
"Whether a schedule loss of use award or a nonschedulable permanent partial disability classification is appropriate constitutes a question of fact for the Board's resolution, and its determination will be upheld if supported by substantial evidence" (Matter of Tobin v Finger Lakes DDSO, 162 AD3d 1286, 1287 [2018] [citation omitted]; see Matter of LaClaire v Birds Eye Foods, Inc., 128 AD3d 1298, 1299 [2015]). Notably, although the Board may reject medical evidence as incredible or insufficient, it may not fashion its own medical opinion (see Matter of Sinelnik v AJK, Inc., 175 AD3d 1732, 1734 [2019]; Matter of Kondylis v Alatis Interiors Co., Ltd., 116 AD3d 1184, 1186 [2014]). After returning the matter for further development of the record, the Board again found that both parties' medical expert opinions were not credible for the same reasons it rejected the prior opinions — namely that Bank's opinion regarding the condition of claimant's back and neck was not credible because he had not examined claimant's back and neck and the independent medical examiner's opinion was not credible because he did not review claimant's medical records. Despite its finding that the expert opinions were not credible, the Board went on to conclude that claimant has residual impairments of the neck and back causally related to the March 2009 accident "based upon the entirety of the medical record." In our view, after again failing to credit either of the expert opinions, the Board improperly fashioned its own opinion regarding claimant's condition based upon its review of the medical record — a record the Board has previously found to be inadequate to make such a finding. Under these circumstances, the Board's decision is not supported by substantial evidence and must be reversed (see Matter of Pinkhasov v Auto One Ins., 140 AD3d 1487, 1489 [2016]; Matter of Guan v CPC Home Attendant Program, Inc., 50 AD3d 1218, 1220 [2008]; Matter of Sullivan v Sysco Corp., 199 AD2d 849, 851 [1993]).
Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Claimant previously established a claim against the employer for work-related injuries to his neck, back, both shoulders and his left wrist in 2005.