Matter of Reyes v Nationwide Furniture Installers (2023 NY Slip Op 06781)

Matter of Reyes v Nationwide Furniture Installers

2023 NY Slip Op 06781

Decided on December 28, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 28, 2023

535519
[*1]In the Matter of the Claim of Audis Reyes, Appellant,
v
Nationwide Furniture Installers et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:November 21, 2023

Before:Garry, P.J., Lynch, Ceresia, Fisher and Powers, JJ.

Schotter Millican, LLP, Brooklyn (Geoffrey H. Schotter of counsel), for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for Nationwide Furniture Installers and another, respondents.

Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed May 31, 2022, which ruled that claimant did not have a total industrial disability.
Between January 2002 and April 2002, claimant, a construction worker who worked for a union, was assigned to clean up certain buildings after the attacks on the World Trade Center. In 2018, claimant, then 54 years old, established a workers' compensation claim under Workers' Compensation Law article 8-A for causally-related chronic rhinitis, chronic sinusitis, asthma and drug-induced diabetes. The date of disablement was set at November 7, 2017. In March 2021, the Workers' Compensation Board, among other things, classified claimant with a permanent partial disability and calculated a 55% wage-earning capacity and a functional capability of "medium work."[FN1] In June 2021, claimant requested to be reclassified with a total industrial disability.[FN2] Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) denied the request, finding insufficient evidence of a total industrial disability — a determination that was upheld by the Workers' Compensation Board on administrative appeal.[FN3] Claimant appeals.
Claimant contends that the Board improperly relied on its prior finding that he had a 55% wage-earning capacity in denying his request for a total industrial disability classification. We disagree. Initially, where a claimant "sustains a permanent partial disability that is not amenable to a schedule award, the Board is obligated to fix both the duration of the benefit and the weekly compensation rate" (Matter of Rosales v Eugene J. Felice Landscaping, 144 AD3d 1206, 1207 [3d Dept 2016], lv denied 29 NY3d 909 [2017]; see Workers' Compensation Law § 15 [3] [w]) — the latter of which requires an assessment of the claimant's wage-earning capacity (see Workers' Compensation Law § 15 [5-a]; Matter of Till v Apex Rehabilitation, 144 AD3d 1231, 1233 [3d Dept 2016], lv denied 29 NY3d 909 [2017]).[FN4] Where a claimant is unemployed at the time of classification, "the [B]oard may in the interest of justice fix such wage[-]earning capacity as shall be reasonable, but not in excess of [75%] of his [or her] former full time actual earnings, having due regard to the nature of his [or her] injury and his [or her] physical impairment" (Workers' Compensation Law § 15 [5-a]). In setting claimant's wage-earning capacity, the Board was not limited "to an assessment of the physical injury disability alone," but was authorized "to consider vocational factors that reflect[ ] claimant's true ability to secure employment" (Matter of Rosales v Eugene J. Felice Landscaping, 144 AD3d at 1209). The record reflects that the Board set claimant's wage-earning capacity based upon its evaluation of claimant's work-related injury and certain vocational and functional factors.
Notwithstanding the Board's findings regarding the weekly compensation rates and the duration of the benefits, Workers' Compensation Law § 35 (2) provides that[*2]"[n]o provision of this article shall in any way be read to derogate or impair current or future claimants' existing rights to apply at any time to obtain the status of total industrial disability under current caselaw." Under current caselaw, "[a] claimant who has a permanent partial disability may . . . be classified as totally industrially disabled where the limitations imposed by the work-related disability, coupled with other factors, such as limited educational background and work history, render the claimant incapable of gainful employment" (Matter of Rapaglia v New York City Tr. Auth., 179 AD3d 1257, 1261 [3d Dept 2020] [internal quotation marks and citations omitted]; see Matter of Walker v Darcon Constr. Co., 142 AD3d 740, 742 [3d Dept 2016]). Thus, while we agree with claimant that the issue of whether he has sustained a total industrial disability differs from issues regarding the amount and duration of his benefits related to a permanent partial disability (see Matter of Paez v Lackman Culinary Servs., 140 AD3d 1462, 1464 [3d Dept 2016]), caselaw makes clear that the Board must still consider the limitations imposed by his work-related disability in determining whether he is totally industrially disabled (see Matter of Rapaglia v New York City Tr. Auth., 179 AD3d at 1261; Matter of Walker v Darcon Constr. Co., 142 AD3d at 742). That is precisely what the Board did in this case, relying on additional expert reports and testimony provided by the parties in connection with claimant's reclassification request in finding that the 55% wage-earning capacity previously imputed to claimant was "not so diminished by the psychological and sleep conditions" identified by his expert "as to render [him] completely incapable of salaried employment" and that his "transferable skill set, the strong labor market in his geographic region, and [his] ability to work from home" did not support a finding of a total industrial disability.
Turning to the substantive analysis, "[t]he issue of whether a claimant has a total industrial disability is a question of fact for the Board to resolve, and the Board's determination will not be disturbed if supported by substantial evidence" (Matter of Newman v Xerox Corp., 48 AD3d 843, 843 [3d Dept 2008]; accord Matter of Kucuk v Hickey Freeman Co., Inc., 78 AD3d 1259, 1261 [3d Dept 2010]). Here, the parties' vocational rehabilitation experts both agreed that claimant could not return to his previous work due to restrictions regarding exposure to dust and irritants based upon his work-related disability. The experts differed, however, as to whether claimant was able to engage in any work at all, with the carrier's expert, Kristen Hamilton, averring that claimant was capable of sedentary to medium work with restrictions concerning dust or irritants in the environment, and claimant's expert, Amy Leopold, opining that he was unable to engage in any gainful employment based upon his work- related respiratory issues and various [*3]other medical conditions unrelated to his work disability, including psychiatric conditions, sleep apnea and chronic pain, as well as his limited vocational skills. However, many of Leopold's findings regarding claimant's limitations were at odds with the medical documentation in evidence and the Board duly credited Hamilton's opinion instead, citing claimant's extensive vocational training, prior work experience, and transferable skill set in concluding that he was not incapable of gainful employment even despite certain limitations. Deferring to the Board's credibility determinations (see Matter of Martinez v RNC Indus., LLC, 213 AD3d 1109, 1110 [3d Dept 2023]) and considering the proof presented, we conclude that the Board's determination that claimant is not totally industrially disabled is supported by substantial evidence (see Matter of Newman v Xerox Corp., 48 AD3d at 844; Matter of Campbell v AC Rochester Prods., Div. of Gen. Motors Corp., 268 AD2d 711, 712 [3d Dept 2000]). Claimant's remaining contentions have been considered and found lacking in merit.
Garry, P.J., Ceresia, Fisher and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Medium work is defined as being able to exert "20 to 50 pounds of force occasionally, and/or 10 to 25 pounds of force frequently, and/or greater than negligible up to 10 pounds of force constantly to move objects."

Footnote 2: It does not appear that either party appealed the Board's finding concerning claimant's wage-earning capacity and functional limitations.

Footnote 3: The hearing did not include any additional testimony on the issue of total industrial disability, as claimant did not request any additional testimony and instead relied on the record that had previously been developed.

Footnote 4: "In contrast, loss of wage-earning capacity, a term that was added in 2007 as part of a comprehensive reform of the Workers' Compensation Law, is used at the time of classification to set the maximum number of weeks over which a claimant with a permanent partial disability is entitled to receive benefits" (Matter of Till v Apex Rehabilitation, 144 AD3d at 1233 [internal quotation marks and citations omitted]).