■ In the Matter of the Claim of DONNA MILLS, Appellant, v J.C. PENNEY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [872 NYS2d 601]—

Malone Jr., J. Appeal from a decision of the Workers' Compensation Board, filed September 6, 2007, which ruled that claimant voluntarily withdrew from the labor market and denied her claim for further workers' compensation benefits.

In October 1993, claimant injured her back while at work and filed a claim for workers' compensation benefits. Following a hearing before a Workers' Compensation Law Judge (hereinafter WCLJ), accident, notice and causal relationship were established with respect to this injury and claimant was awarded benefits through March 31, 1997. The WCLJ later determined in 2000 that claimant suffered a permanent partial disability as a result of this injury and benefits for the period after March 31, 1997 were held in abeyance. In 2006, claimant filed a request for further action seeking ongoing benefits based upon the 2000 permanent partial disability classification. As a result, the case was restored to the trial calendar and further evidence was taken. Thereafter, the WCLJ issued a reserved decision denying claimant's request for further benefits. The Workers' Compensation Board affirmed the WCLJ's decision, finding that claimant was not entitled to further lost wages because she failed to demonstrate an attachment to the labor market. Claimant appeals.

Initially, "[w]here a claimant has a permanent partial disability but there has been no finding of involuntary retirement, the

claimant has an obligation to demonstrate attachment to the labor market with evidence of a search for employment within medical restrictions" (*Matter of Peck v James Sq. Nursing Home,* 34 AD3d 1033, 1034 [2006]; *see Matter of Stevenson v Sunoco Flexible Packaging,* 43 AD3d 1260, 1261 [2007]). Notably, " '[w]hether a claimant has voluntarily withdrawn from the labor market is a factual issue for the Board to resolve and, if supported by substantial evidence in the record, the Board's resolution of that issue will not be disturbed' " (*Matter of Disarno v Mattel/Fisher Price Inc.,* 25 AD3d 969, 970 [2006], quoting *Matter of Beehm v Educational Opportunity Ctr., County of Rensselaer,* 272 AD2d 808, 808 [2000]). In this regard, we note that the Board is vested with broad authority to decide factual issues based upon the credibility of witnesses and to draw reasonable inferences therefrom (*see Matter of Korczyk v City of Albany,* 264 AD2d 908, 909 [1999]; *see also Matter of Hare v Champion Intl.,* 50 AD3d 1254, 1255 [2008], *lv dismissed* 11 NY3d 863 [2008]; *Matter of Laing v Maryhaven Ctr. of Hope,* 39 AD3d 1125, 1126 [2007], *lv denied* 9 NY3d 805 [2007]).

In the case at hand, claimant did not present a compelling case establishing her attachment to the labor market. Although she stated that she has applied for numerous jobs over the course of the past 10 years, she was evasive with respect to the specific positions that she was offered. Notably, she identified only one actual offer, but stated that it required her to stand for long periods of time, which was not within her medical limitations. In addition, while claimant maintained that her medical condition continued to deteriorate, her treating physician opined that claimant was embellishing her symptoms. Furthermore, claimant testified that she has undergone extensive schooling since her injury, obtaining a number of degrees and enrolling in internships requiring her to put in 800 hours of practical work. Curiously, however, she has been unable to secure a suitable offer of employment despite such extensive training. Under the circumstances presented, the Board was entitled to discredit claimant's testimony and conclude that she did not demonstrate an attachment to the labor market. Accordingly, we find no basis to disturb its decision denying her further benefits. Claimant's remaining contentions have not been preserved for our review.

Cardona, P.J., Mercure, Lahtinen and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.