*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    October 8, 2015                518151
_____

In the Matter of REBEL WATTS,
                    Respondent,

        v

ARNOT OGDEN MEDICAL CENTER,                 MEMORANDUM AND ORDER
                    Appellant.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:   September 14, 2015

Before:   Egan Jr., J.P., Rose, Devine and Clark, JJ.

                    _____


        Coughlin & Gerhart, LLP, Binghamton (Scot G. Miller of
counsel), for appellant.

        Eric T. Schneiderman, Attorney General, New York City
(Steven Segall of counsel), for Workers' Compensation Board,
respondent.


                    _____


Devine, J.

        Appeals (1) from a decision of the Workers' Compensation
Board, filed March 15, 2013, which ruled, among other things,
that claimant demonstrated an attachment to the labor market, and
(2) from two decisions of said Board, filed June 20, 2013 and
February 10, 2014, which denied two requests of the employer and
its workers' compensation carrier for reconsideration and/or full
Board review.

        Claimant, a certified nurse's assistant, established a
compensable accident, notice and causal relationship for a 2007

cervical injury and was awarded workers' compensation benefits for a specified period of time. Subsequently, claimant sought additional causally-related lost earnings. By decision dated October 26, 2010, the Workers' Compensation Board, among other things, found that claimant sustained a temporary total disability from October 2009 onward. The Board rejected her claim for further benefits, however, finding that she was not attached to the labor market from May 2009 to October 2009, and that she would accordingly need to establish her reattachment to the labor market in order to be entitled to further awards. Following development of the record, the Board, by decision filed March 15, 2013, affirmed a decision of the Workers' Compensation Law Judge finding that claimant had sustained a permanent total disability as of November 2009 and that she had reattached to the labor market as of January 2011. The subsequent applications of the employer and its workers' compensation carrier for reconsideration and/or full Board review were denied. These appeals ensued.[1]

We affirm. A claimant must demonstrate attachment to the labor market with evidence of a search for employment consistent with his or her medical restrictions (see Matter of Cole v Consolidated Edison Co. of N.Y., Inc., 125 AD3d 1084, 1085 [2015]). "By . . . at least showing reasonable efforts at finding such work, the claimant can prove to the Board that the cause of his or her reduced income is a disability, rather than unwillingness to work again" (Matter of Zamora v New York Neurologic Assoc., 19 NY3d 186, 191 [2012]). "[T]he Board's determination in that regard will be upheld if supported by substantial evidence" (Matter of Cole v Consolidated Edison Co. of N.Y., Inc., 125 AD3d at 1085; see Matter of Bacci v Staten Is. Univ. Hosp., 32 AD3d 582, 583 [2006]).

---

[1] The employer's appeal from the Board's June 20, 2013 decision must be dismissed as moot inasmuch as that decision was superseded by the Board's February 10, 2014 decision (see Matter of Bland v Gellman, Brydges & Schroff, 127 AD3d 1436, 1437 [2015], lv dismissed ___ NY3d ___ [Sept. 10, 2015]; Matter of Winters v Advance Auto Parts, 119 AD3d 1041, 1043 n [2014]).

Here, claimant testified regarding her search for employment within her medical restrictions; however, when she informed the prospective employer of her degree of disability, she was told that no positions were available to accommodate her disability.  Furthermore, upon application to the Office of Vocational and Educational Services for Individuals with Disabilities, that agency informed claimant that she would not benefit from its services given her medical limitations.  Under these circumstances, substantial evidence supports the finding of the Board that claimant's efforts of actively searching for employment within her medical restrictions and her goal of remaining attached to the labor market were sufficient to demonstrate her reattachment to the labor market (see Matter of Cole v Consolidated Edison Co. of N.Y., Inc., 125 AD3d at 1085).  As such, the Board's March 2013 decision will not be disturbed.

We have reviewed the employer's contention that the Board erred in denying its February 10, 2014 request for full Board review and find it to be unpersuasive.

Egan Jr., J.P., Rose and Clark, JJ., concur.

ORDERED that the appeal from the June 20, 2013 decision is dismissed, as moot, without costs.

ORDERED that the decisions filed March 15, 2013 and February 10, 2014 are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court