## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  April 21, 2016            520603
_____

In the Matter of the Claim of
    EDELMIRO CRUZ,
                    Respondent,

        v
                                        MEMORANDUM AND ORDER

BUFFALO BOARD OF EDUCATION
    et al.,
                    Appellants.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  March 21, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

                    _____

        Hamberger & Weiss, Buffalo (Renee E. Heitger of counsel),
for appellants.

        Eric T. Schneiderman, Attorney General, New York City
(Donya Fernandez of counsel), for Workers' Compensation Board,
respondent.

                    _____

Clark, J.

        Appeal from a decision of the Workers' Compensation Board,
filed June 9, 2014, which ruled, among other things, that
claimant demonstrated an attachment to the labor market.

        Claimant worked as an assistant principal at an elementary
school and sustained work-related injuries on May 25, 2011.  He
was awarded workers' compensation benefits, which continued until
he returned to work on August 22, 2011.  His employment was

terminated in February 2012. Claimant thereafter sought additional causally related lost earnings and the self-insured employer and its third-party administrator (hereinafter collectively referred to as the employer) raised the issue of attachment to the labor market. Following hearings, the employer raised the issue of whether claimant had violated Workers' Compensation Law § 114-a based upon alleged misrepresentations regarding his search for work. A Workers' Compensation Law Judge (hereinafter WCLJ) denied benefits, finding that, due to a lack of a sufficient effort to find work, claimant had voluntarily removed himself from the labor market. Further, the WCLJ found that claimant had violated Workers' Compensation Law § 114-a and disqualified him from further benefits. Upon review, the Workers' Compensation Board concluded that the employer had not submitted sufficient evidence that claimant had violated Workers' Compensation Law § 114-a. Although the Board affirmed the WCLJ's determination that claimant had voluntarily removed himself from the labor market following his termination, the Board also found that he had reattached to the labor market in February 2013. Accordingly, the Board restored the case to the calendar to address the issue of claimant's reduced earnings subsequent to February 2013. The employer now appeals.

We affirm. "A claimant must demonstrate attachment to the labor market with evidence of a search for employment consistent with his or her medical restrictions" (Matter of Watts v Arnot Ogden Med. Ctr., 132 AD3d 1024, 1025 [2015]; see Matter of Cole v Consolidated Edison Co. of N.Y., Inc., 125 AD3d 1084, 1085 [2015]; Matter of Scott v Rochester City Sch. Dist., 125 AD3d 1083, 1083-1084 [2015]). The Board's determination as to whether a claimant has demonstrated an attachment to the labor market will be upheld if supported by substantial evidence (see Matter of Watts v Arnot Ogden Med. Ctr., 132 AD3d at 1025). Here, medical evidence in the record reflects that, on account of his injuries, claimant could only sit or stand for no more than two hours a day and he could not lift more than 20 pounds. Claimant testified that he began using the services of the Office of Vocational and Educational Services for Individuals with Disabilities (hereinafter VESID) in January 2013. Claimant also testified that he obtained a part-time job at an auto parts store in February 2013, albeit for only five hours a week at the time

of his testimony.  According to claimant, he was training for a management position that offered more hours, and the store was willing to accommodate his restrictions.  Further, claimant testified that he was still searching for other work with a VESID job counselor.  Based upon the foregoing, the Board's decision that claimant had reattached to the labor market as of February 2013 is supported by substantial evidence.

Regarding the employer's contention that claimant made a material misrepresentation in violation of Workers' Compensation Law § 114-a, the Board's determination as to this issue will not be disturbed if supported by substantial evidence (see Matter of Poulton v Griffin Mfg. Co., 102 AD3d 1071, 1071 [2013]; Matter of Ridgeway v RGRTA Regional Tr. Serv., 68 AD3d 1219, 1220 [2009]).  Here, the employer relied on the report and testimony of a vocation counselor, who contacted 34 companies by telephone with which claimant reported that he had filed an application for employment between February 2012 and February 2013.  She could only confirm that two of the companies had received an application from him.  She further testified, however, that 17 companies either did not respond or could not verify whether or not they had received an application and the witness conceded that claimant could have applied for employment with them.  While the witness testified that the remaining 15 companies told her that they did not have an application from claimant on file, the Board noted that she did not report the name of the individuals she had spoken with and concluded that, although claimant had not presented sufficient evidence to establish that he had remained attached to the labor market during the time in question, there was a lack of credible evidence that he had knowingly made a false statement or misrepresented a material fact in order to obtain benefits.  Inasmuch as "the Board is vested with the discretion to evaluate witness credibility and to weigh conflicting evidence" (Matter of Hadzaj v Harvard Cleaning Serv., 77 AD3d 1000, 1001 [2010], lv denied 16 NY3d 702 [2011]; see Matter of Borgal v Rochester-Genesee Regional Transp. Auth., 108 AD3d 914, 915 [2013]), the Board's decision is supported by substantial evidence and will not be disturbed.

Garry, J.P., Egan Jr., Lynch and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court