*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 25, 2016                    519412
_____

In the Matter of CLOVIS
    WALKER,
                        Appellant,

        v
                                        MEMORANDUM AND ORDER

DARCON CONSTRUCTION CO. et al.,
                        Respondents.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:  August 18, 2016

Before:  Garry, J.P., Egan Jr., Devine, Mulvey and Aarons, JJ.

_____

        Joel M. Gluck, New York City, for appellant.

        Weiss, Wexler & Warnow PC, New York City (J. Evan Perigoe
of counsel), for Darcon Construction Co. and another,
respondents.

_____

Aarons, J.

        Appeals (1) from a decision of the Workers' Compensation
Board, filed August 26, 2013, which ruled, among other things,
that claimant did not have a total industrial disability, and (2)
from a decision of said Board, filed February 20, 2014, which
denied claimant's request for reconsideration and/or full Board
review.

        In December 2008, claimant sustained work-related injuries
to his neck and back and was awarded workers' compensation
benefits.  Claimant thereafter sought a finding of a total

permanent disability or a total industrial disability, and the employer and its workers' compensation carrier opposed and challenged claimant's attachment to the labor market. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant did not have a total industrial disability. Further, although it was determined that claimant did have a work-related permanent partial disability, further benefits were denied based upon a finding that he did not maintain an attachment to the labor market. Upon review, the Workers' Compensation Board affirmed. Claimant's subsequent request for reconsideration and/or full Board review was denied and these appeals ensued.[1]

Claimant does not contest the finding of a permanent partial disability, but argues that the Board erred in finding that he did not maintain an attachment to the labor market. "Where a claimant has a permanent partial disability but there has been no finding of involuntary retirement, the claimant has an obligation to demonstrate attachment to the labor market with evidence of a search for employment within medical restrictions" (Matter of Peck v James Sq. Nursing Home, 34 AD3d 1033, 1034 [2006]; see Matter of Wooding v Nestle USA, Inc., 75 AD3d 1043, 1043 [2010]). Such a determination "is an issue of fact for the Board to resolve, and its resolution of that issue will not be disturbed if supported by substantial evidence in the record" (Matter of German v Target Corp., 77 AD3d 1126, 1126 [2010]; see Matter of Smith v TWA, 90 AD3d 1171, 1172 [2011]).

Claimant, who was 60 years old at the time of the injuries, testified that he contacted the Department of Labor in 2011 and

---

[1] Contrary to the contention of the employer and its workers' compensation carrier, claimant's perfection of the appeal of the Board's August 2013 decision was timely (see Rules of App Div, 3rd Dept [22 NYCRR] § 800.12). However, inasmuch as claimant advances no arguments in his brief regarding the Board's February 2014 denial of reconsideration and/or full Board review, we deem his appeal from that decision to be abandoned (see Matter of Siennikov v Professional Grade Constr., Inc., 137 AD3d 1440, 1441 n 1 [2016]).

was referred to the Urban League's Mature Worker Program, which provides training to individuals age 55 and older to prepare them for the job market. He further testified that he was advised that he was accepted into the program, but that there was a lack of funding and, at the time of his testimony, the Urban League was waiting for a grant before his training could begin. Claimant admittedly made no other efforts to find employment, and there is nothing in the record indicating that he pursued any other vocational services. Although the Board has found that a claimant remains attached to the labor market when it is shown that he or she is actively participating in a job location service or a Board-approved vocational rehabilitation (see Matter of Winters v Advance Auto Parts, 119 AD3d 1041, 1042-1043 [2014]; Employer: Classic Bindery Inc., 2011 WL 3612749, *2, 2011 NY Wrk Comp LEXIS 3997, *5-6 [WCB No. G021 5031, July 27, 2011]), we find that the Board's determination here — that by relying solely on an unfunded training program, claimant was not actively participating in vocational rehabilitation and had voluntarily removed himself from the labor market — is supported by substantial evidence and will not be disturbed (see Matter of Kucuk v Hickey Freeman Co., 78 AD3d 1259, 1262-1263 [2010]).

Regarding the Board's determination that claimant does not have a total industrial disability, "[a] claimant who has a permanent partial disability may nonetheless be classified as totally industrially disabled where the limitations imposed by the work-related disability, coupled with other factors, such as limited educational background and work history, render the claimant incapable of gainful employment" (Matter of Barsuk v Joseph Barsuk, Inc., 24 AD3d 1118, 1118 [2005], lv dismissed 6 NY3d 891 [2006], lv denied 7 NY3d 708 [2006]; accord Matter of Rose v Roundpoint Constr., 124 AD3d 1033, 1034 [2015]). While the Board's determination regarding a total industrial disability will be upheld if supported by substantial evidence (see Matter of Brady v Northeast Riggers & Erectors, 132 AD3d 1226, 1227 [2015]), "Workers' Compensation Law § 23 requires the Board to include in its decision a statement of facts which formed the basis of its action on the issues raised" (Matter of Engle v Reale Constr. Co., 1 AD3d 693, 694 [2003] [internal quotation marks omitted]).

Here, the WCLJ found a lack of total industrial disability based solely upon claimant's failure to seek employment after his accident, with no discussion of the relevant factors relating to a total industrial disability. The Board found that the WCLJ inappropriately relied on the lack of a job search in making the finding, but concluded that the WCLJ's ultimate decision denying a total industrial disability was correct. In support, the Board stated that claimant had not demonstrated that his disability, combined with the relevant factors, rendered him incapable of employment, without any discussion of the factors or any reference to the factual findings that formed the basis of the determination. The Board further concluded that "the medical evidence shows that claimant is functionally capable of work." Again, there is no reference to any factual findings regarding the medical evidence as it relates to a total industrial disability in either the WCLJ's decision or the Board's decision. We also note that, in its decision, the Board refers to certain physicians and their opinions regarding a schedule loss of use of the right shoulder. Although it is unclear whether the Board relied on these opinions in reaching its decision, they are not in the record and do not seem to apply to claimant's case. In light of the foregoing, we find a lack of a factual basis for the Board's decision regarding the issue of a total industrial disability and, therefore, the matter must be remitted to the Board for further proceedings (see id.).

Garry, J.P., Egan Jr., Devine and Mulvey, JJ., concur.


ORDERED that the decision filed August 26, 2013 is modified, without costs, by reversing so much thereof as determined that claimant does not have a total industrial disability; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ORDERED that the decision filed February 20, 2014 is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court