*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 9, 2017                    522919
_____

In the Matter of the Claim of
   MICHAEL J. HUGHES JR.,
               Appellant,

     v

COGHLIN ELECTRIC CONTRACTOR
   et al.,                                    MEMORANDUM AND ORDER
               Respondents.

WORKERS' COMPENSATION BOARD,
               Respondent.
_____

Calendar Date:  January 11, 2017

Before:  McCarthy, J.P., Garry, Lynch, Rose and Aarons, JJ.

_____

     Buckley, Mendleson, Criscione & Quinn, PC, Albany (Brendan G. Quinn of counsel), for appellant.

     Walsh & Hacker, Albany (Kelly B. Dean of counsel), for Coghlin Electric Contractor and another, respondents.

_____

Garry, J.

     Appeal from a decision of the Workers' Compensation Board, filed July 1, 2015, which ruled, among other things, that claimant voluntarily withdrew from the labor market.

     In April 2014, claimant, a union electrician, injured his neck and left shoulder while trying to move a dumpster at work. Claimant was subsequently cleared by his doctor to return to work; however, on June 3, 2014 claimant informed his employer that he would not return to work.  On June 4, 2014, claimant

filed a claim for workers' compensation benefits, and, following a hearing, a Workers' Compensation Law Judge, as relevant here, established the claim and awarded claimant benefits. Upon administrative review, the Workers' Compensation Board upheld the Workers' Compensation Law Judge's finding that claimant sustained a causally-related injury to the neck and left shoulder but found that claimant, upon leaving his employment on June 3, 2014, voluntarily withdrew from, and subsequently failed to reattach to, the labor market. Claimant now appeals, principally contending that the Board erred in finding that claimant voluntarily left the labor market for reasons unrelated to his causally-related disability.

We affirm. "'A claimant must demonstrate attachment to the labor market with evidence of a search for employment consistent with his or her medical restrictions'" (Matter of Cruz v Buffalo Bd. of Educ., 138 AD3d 1316, 1317 [2016], quoting Matter of Watts v Arnot Ogden Med. Ctr., 132 AD3d 1024, 1025 [2015]; see Matter of Pravato v Town of Huntington, 144 AD3d 1354, 1356 [2016]; Matter of Cole v Consolidated Edison Co. of N.Y., Inc., 125 AD3d 1084, 1085 [2015]). The Board's determination as to whether a claimant has demonstrated an attachment to the labor market will be upheld if supported by substantial evidence (see Matter of Walker v Darcon Constr. Co., 142 AD3d 740, 741 [2016]; Matter of Watts v Arnot Ogden Med. Ctr., 132 AD3d at 1025).

In April 2014, claimant was initially diagnosed with left trapezius/myofascial pain and could not return to work until June 3, 2014, on which occasion claimant informed the employer that he would not return to work for reasons unrelated to his disability and ability to perform his job duties. During the course of a subsequent medical evaluation of claimant on June 6, 2014, claimant stated that there was no significant neck pain or shoulder pain, and the treating physician reported that claimant's degree of disability was 0%. A June 27, 2014 examination of claimant reflected that he had only a 25% disability, and physical therapy was recommended. Claimant acknowledged in his testimony, however, that following June 3, 2014 when he left his employment, he did not search for employment within his work restrictions, and the record fails to show that claimant sought involvement in, or opportunities with,

any vocational services or job-training programs.  Accordingly,
we find that the Board's determination that claimant was not
attached to the labor market is supported by substantial evidence
(see Matter of Walker v Darcon Constr. Co., 142 AD3d at 742;
Matter of Rothe v United Med. Assoc., 18 AD3d 1093, 1094 [2005];
compare Matter of Cruz v Buffalo Bd. of Educ., 138 AD3d at 1317-
1318).  In view of the foregoing, it is unnecessary to address
claimant's remaining contention that the Board's decision
amounted to an unauthorized penalty.

    McCarthy, J.P., Lynch, Rose and Aarons, JJ., concur.

    ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court