Clark, J.
Appeal from a decision of the Workers’ Compensation Board, filed March 31, 2016, which ruled that claimant voluntarily removed herself from the labor market.
Claimant suffered work-related injuries to her neck, back and right shoulder in June 2011, and her claim for workers’ compensation benefits was established. Benefit payments were suspended by a Workers’ Compensation Law Judge in September 2013 after claimant failed to demonstrate continued attachment to the labor market. Claimant sought reinstatement of benefits and, following a May 2015 hearing, a Workers’ Compensation Law Judge concluded that claimant had not demonstrated her reattachment to the labor market and thus found that she had no compensable lost time from October 30, 2013 to May 12, 2015. The Workers’ Compensation Board affirmed that determination, and claimant now appeals.
We affirm. “[L]abor market attachment is a factual issue for the Board to resolve and its determination in this regard will be upheld if supported by substantial evidence” (Matter of Pravato v Town of Huntington, 144 AD3d 1354, 1356 [2016]; see Matter of Zamora v New York Neurologic Assoc., 19 NY3d 186, 192-193 [2012]). The Board has found that a claimant remains attached to the labor market when he or she is actively participating in a job location service, a job retraining program or a Board-approved rehabilitation program, or where there is credible documentary evidence that he or she is actively seeking work within his or her medical restrictions through a timely, diligent and persistent independent job search (see *1343 Employer: Classic Bindery Inc., 2011 WL 3612749, *2, 2011 NY Wrk Comp LEXIS 3997, *5-6 [WCB No. G021 5031, July 27, 2011]; Employer: American Axle, 2010 WL 438153, *4-5, 2010 NY Wrk Comp LEXIS 2560, *12 [WCB No. 8030 3659, Feb. 4, 2010]; see also Matter of Pravato v Town of Huntington, 144 AD3d at 1356-1357; Matter of Winters v Advance Auto Parts, 119 AD3d 1041, 1042-1043 [2014]).
Here, claimant applied for services with the Office of Adult Career and Continuing Education Services-Vocational Rehabilitation (hereinafter ACCES-VR) in October 2013. After in form - ing ACCES-VR that she was contemplating surgery, however, the services provided by ACCES-VR did not include a job search but, rather, were limited to counseling. According to ACCES-VR, any potential interruption in employment due to surgery and related recovery time would not be beneficial to claimant sustaining long-term employment. We note that claimant’s medical records reflect that she was cleared to work, albeit with restrictions for lifting more than 10 pounds, bending, kneeling and other physical activity, and there is nothing in the record indicating that authorization for surgery on claimant was ever requested or that surgery was ever recommended by a physician. Moreover, although claimant testified that she decided not to have surgery during the summer of 2014, the record reflects that she did not meet with ACCES-VR to discuss job search services until March 2015 and did not prepare a resume with the service until shortly before the May 2015 workers’ compensation hearing. In light of the foregoing, substantial evidence supports the Board’s determination that claimant did not demonstrate an active and good faith participation with ACCES-VR (see Matter of Pravato v Town of Huntington, 144 AD3d at 1356-1357; Matter of Walker v Darcon Constr. Co., 142 AD3d 740, 742 [2016]).
As to her independent search for employment, claimant submitted a form indicating that she applied for a job on October 30, 2013 and three jobs on December 30, 2013. She testified that she submitted other job applications as well, but that she had no documentary evidence of these further applications. Deferring to the Board’s credibility determinations (see Matter of Cruz v Buffalo Bd. of Educ., 138 AD3d 1316, 1318 [2016]; Matter of Renteria v Santino’s Café, 62 AD3d 1233, 1234 [2009]), we conclude that substantial evidence supports the Board’s determination that claimant did not demonstrate that she was diligently engaged in an active independent search for employment (see Matter of Kucuk v Hickey Freeman Co., Inc., 78 AD3d 1259, 1262-1263 [2010]; Matter of Mills v *1344 J.C. Penney, 59 AD3d 755, 756 [2009]). Therefore, we find no basis to disturb the Board’s decision that claimant had voluntarily removed herself from the labor market (see Matter of Walker v Darcon Constr. Co., 142 AD3d at 742). Claimant’s remaining contentions have been considered and found to be without merit.
Egan Jr., J.P., Lynch, Rose and Mulvey, JJ., concur.
Ordered that the decision is affirmed, without costs.