■ In the Matter of the Claim of DONALD MCKINNEY, Appellant, v UNITED STATES ROOFING CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [54 NYS3d 211]—

Clark, J. Appeal from a decision of the Workers' Compensation Board, filed January 6, 2016, which, among other things, suspended the payment of claimant's workers' compensation benefits.

Claimant, a roofer, suffered a work-related injury to his back on December 6, 2011 and his claim for workers' compensation benefits was thereafter established. Claimant returned to work on January 18, 2012 and continued working until he was laid off on March 2, 2012 for reasons unrelated to his injury. Claimant has not worked since that date. The employer's workers' compensation carrier raised the issue of labor market attachment in December 2013, and a Workers' Compensation Law Judge (hereinafter WCLJ) continued payments at a moderate rate and directed claimant to provide evidence of a search for employment. After claimant failed to provide such evidence,

the carrier requested that claimant's benefits be suspended. In April 2014, claimant's pain management physician requested authorization for a lumbar discogram by use of the Workers' Compensation Board form C-4AUTH. The Board subsequently informed the physician that, because the form was incomplete, it would be taking no action on the request and advised that the form be resubmitted upon proper completion.

In May 2014, claimant was again directed to provide proof of attachment to the labor market. At a hearing held on October 29, 2014, claimant objected to the carrier's request that claimant testify as to his attachment to the labor market. The WCLJ sustained the objection, and the carrier was directed to continue benefit payments. The WCLJ also authorized the lumbar discogram and found that claimant had not reached maximum medical improvement. Concluding, however, that claimant's medical evidence did not support a finding of a total disability, the WCLJ found claimant to have a moderate disability. The carrier appealed. The Board subsequently modified the WCLJ's decision by denying the request for the lumbar discogram and suspending claimant's benefit payments as of October 29, 2014, pending further development of the record regarding the issue of labor market attachment, and otherwise affirmed. Claimant now appeals.

We affirm. "A claimant must demonstrate attachment to the labor market with evidence of a search for employment consistent with his or her medical restrictions" (*Matter of Watts v Arnot Ogden Med. Ctr.*, 132 AD3d 1024, 1025 [2015]; *accord Matter of Hughes v Coghlin Elec. Contr.*, 147 AD3d 1168, 1168-1169 [2017]; *Matter of Cruz v Buffalo Bd. of Educ.*, 138 AD3d 1316, 1317 [2016]). Contrary to claimant's contention, the record reflects that the Board directed claimant to provide evidence of his attachment to the labor market in both December 2013 and May 2014 and, thus, that he received notice of such issue. Moreover, according deference to the Board's resolution of conflicting medical evidence (*see Matter of Johnson v Adams & Assoc.*, 140 AD3d 1552, 1553 [2016]; *Matter of Stange v Angelica Textile Servs., Inc.*, 139 AD3d 1294, 1296 [2016]), its determination that claimant has a moderate disability, rather than a total disability, is supported by substantial evidence, as the opinion of claimant's physician that claimant was totally disabled was controverted by the opinion of an independent medical examiner, who found that claimant was able to return to work, albeit not as a roofer. Implicit in such a finding by the Board is the requirement that claimant provide evidence of his attachment to the labor market (*see Matter of Price v Hudson*

*Correctional Facility*, 24 AD3d 820, 822 [2005]; *Matter of Knouse v Millshoe*, 260 AD2d 948, 950 [1999]).

As to the Board's decision to suspend claimant's benefits pending his production of evidence of labor market attachment, a hearing on such issue is required and, if a party fails to present evidence as to the issue, the Board may take appropriate action, which includes directing the suspension of benefits (*see* 12 NYCRR 300.23 [b] [2]). Here, claimant received notice that the purpose of the October 29, 2014 hearing was to address the issue of loss of earnings. Inasmuch as the resolution of whether claimant has remained attached to the labor market is a significant factor in determining a causally related loss of earnings (*see e.g. Matter of O'Rourke v Consolidated Edison Co. of N.Y.*, 77 AD3d 1031, 1031-1032 [2010]; *Matter of Louman v Premier Staffing, LLC*, 12 AD3d 815, 815 [2004]), such hearing provided claimant an opportunity to submit evidence of his labor market attachment. Given claimant's failure to provide such evidence, as well as his failure to comply with the Board's previous directions to do so, we conclude that the Board's decision to suspend his benefit payments subsequent to October 29, 2014, pending development of the record on the issue of labor attachment, was justified (*see* 12 NYCRR 300.23 [b] [2]).

Finally, the Board informed claimant's physician, who requested authorization for the lumbar discogram, that the request was incomplete and he was instructed to resubmit a completed request. In the absence of any proof in the record that the physician resubmitted a completed request, the Board did not err in denying authorization for the procedure (*see* Workers' Compensation Law § 13-a [5]; 12 NYCRR 325-1.4 [a] [1]). Claimant's remaining claims have been considered and found to be without merit.

McCarthy, J.P., Egan Jr., Lynch and Devine, JJ., concur. Ordered that the decision is affirmed, without costs.