Lynch, J. Appeal from a decision of the Workers’ Compensation Board, filed October 29, 2015, which ruled that claimant sustained a permanent partial disability and a 75% loss of wage-earning capacity. Claimant suffered injuries to her back, right hip, ribs and right knee after she fell at work in October 2007, and she was awarded workers’ compensation benefits. In 2015, a Workers’ Compensation Law Judge found that claimant sustained a permanent partial disability and a 75% loss of wage-earning capacity. The Workers’ Compensation Board affirmed, and claimant now appeals. We reverse. After injuring her back in October 2007, claimant underwent multiple back surgeries, including a L3-4 and L4-5 spinal fusion in December 2010 and fusions at L4-5 and L5-S1 in August 2012. A spinal cord stimulator was implanted in August 2013. Claimant’s physician, Clifford Ameduri, was treating her for postoperative back pain. Ameduri completed a “Doctor’s Report of MMI/Permanent Impairment” form C-4.3 in August 2014 that classified her condition as permanent and assigned a class five severity F rating to her lumbar back injury under the New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity (2012). Ameduri also rated her functional capacity at “less than sedentary work,” a category defined as “unable to meet the requirement of sedentary work.” Sedentary work refers to work that “involves sitting most of the time, but may involve walking or standing for brief periods of time” (New York State Guidelines for Determining Partial Impairment and Loss of Wage Earning Capacity at 45 [2012]). Ameduri consistently testified that claimant’s response to the surgical interventions was not positive, that she continues to have a significant amount of pain and that she is “not . . . capable of performing any type of gainful employment at this time.” With respect to the form C-4.3 determination as to claimant’s “Functional Capabilities/Exertional Abilities,” Ameduri further explained that “we don’t use the terms totally disabled or 100 percent disabled anymore, so rather than using those older terms, I gave her rather significant restrictions”—an explanation confirming that there is no inconsistency between Ameduri’s C-4.3 determination and his testimony. When pressed to define the extent of claimant’s disability under the “old terminology,” Ameduri responded, “I would call her totally disabled.” Nowhere in this record does Ameduri opine that claimant sustained only a permanent partial disability. Guy Corkhill, the physician who conducted an independent medical examination on behalf of the workers’ compensation carrier, assigned a class four severity G rating to claimant’s back condition. In his testimony, Corkhill agreed with Ameduri that it was “unlikely [claimant] would ever be able to return to meaningful employment.” Notwithstanding this medical testimony, both the Workers’ Compensation Law Judge and a panel of the Workers’ Compensation Board determined that claimant was capable of performing sedentary employment. In adopting Ameduri’s severity F rating, the Board further discredited Corkhill’s opinion as based primarily on claimant’s subjective complaint, notwithstanding Corkhill’s testimony that her subjective complaints comported with his objective findings. Since the Board’s findings as to claimant’s ability to perform some type of sedentary work are contrary to the consistent medical proof presented, the Board’s finding of a permanent partial disability and a 75% loss of wage-earning capacity is not supported by substantial evidence in the record (see Matter of Golovashchenko v Asar Intl. Corp., 153 AD3d 1475, 1477 [2017]; compare Matter of Burgos v Citywide Cent. Ins. Program, 148 AD3d 1493, 1496 [2017]). Claimant maintains, and we agree, that the record actually warrants a finding of a permanent total disability. To establish a total disability, a claimant must demonstrate that he or she “is totally disabled and unable to engage in any gainful employment” (Matter of VanDermark v Frontier Ins. Co., 60 AD3d 1171, 1172 [2009]; see Workers’ Compensation Law § 15 [1]). Given the severity and permanency of claimant’s back condition, both Ameduri and Corkhill have concluded that she is unable to engage in gainful employment. The operative standard here is “gainful” employment not some undefined type of limited sedentary work. As such, we conclude that the Board erred in failing to find that claimant sustained a permanent total disability. Clark and Pritzker, JJ., concur.