Matter of Ostrzycki v Air Tech Lab, Inc. (2019 NY Slip Op 05826)





Matter of Ostrzycki v Air Tech Lab, Inc.


2019 NY Slip Op 05826


Decided on July 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 25, 2019

527550

[*1]In the Matter of the Claim of WLADYSLAW OSTRZYCKI, Appellant,
v
AIR TECH LAB, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: May 31, 2019

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Pritzker, JJ.


Geoffrey Schotter, New York City, for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for Air Tech Lab, Inc. and another, respondents.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed March 12, 2018, which ruled, among other things, that claimant failed to demonstrate an attachment to the labor market.
Claimant established a claim for workers' compensation benefits based upon an occupational disease stemming from repetitive stress injuries to his back, both knees and his left shoulder, with a date of disability of March 20, 2016. The employer's workers' compensation carrier raised the issue of labor attachment and, following a hearing, a Workers' Compensation Law Judge found that claimant had demonstrated an attachment to the labor market, calculated claimant's average weekly wage and continued payment of benefits at a temporary total disability rate. Upon review, the Workers' Compensation Board modified this determination by finding that claimant was only partially disabled and was not attached to the labor market as of August 3, 2017. Accordingly, the Board suspended benefits as of that date. Claimant appeals, challenging the Board's finding of a lack of attachment to the labor market.
We affirm. "[W]hether a claimant has demonstrated an attachment to the labor market is a factual issue for the Board, and its decision in this regard will be upheld if supported by substantial evidence" (Matter of King v Riccelli Enters., 156 AD3d 1095, 1096 [2017]; accord Matter of Wolfe v Ames Dept. Store, Inc., 159 AD3d 1291, 1293 [2018]). "[I]t is incumbent upon a claimant to demonstrate attachment to the labor market with evidence of a search for employment within medical restrictions" (Matter of Pravato v Town of Huntington, 144 AD3d 1354, 1356 [2016] [internal quotation marks and citations omitted]; see Matter of Cole v [*2]Consolidated Edison Co. of N.Y., Inc., 125 AD3d 1084, 1085 [2015])[FN1]. "The Board has found that a claimant remains attached to the labor market when he or she is actively participating in a job location service, a job retraining program or a Board-approved rehabilitation program, or where there is credible documentary evidence that he or she is actively seeking work within his or her medical restrictions through a timely, diligent and persistent independent job search" (Matter of Palmer v Champlain Val. Specialty, 149 AD3d 1342, 1342 [2017] [citations omitted]; accord Matter of King v Riccelli Enters., 156 AD3d at 1096-1097).
The record reflects that claimant was engaged with Workforce1, a job location service, from October 2016 to July 2017 and applied for several jobs through that service during that time. It is unclear whether Workforce1 was aware of claimant's medical restrictions, and there is nothing in the record indicating that claimant provided this information to the prospective employers in his applications or that he was pursuing jobs consistent with those restrictions. Further, his use of Workforce1 waned after July 2017, limited to only a few applications. Claimant also applied for services with the Office of Adult Career and Continuing Education Services-Vocational Rehabilitation (hereinafter ACCES-VR), but was told in March 2017 that, based upon his medical reports and the information he provided regarding multiple weekly medical appointments, services could not be provided until his disabilities stabilized. Claimant was advised by ACCES-VR to take a community-based English as a Second Language class, due to his very limited proficiency in the English language. There is no indication in the record that claimant has enrolled in such a class or has made any further effort to engage in ACCES-VR's services or any other job retraining or rehabilitation programs. In light of the foregoing, substantial evidence supports the Board's finding that claimant did not demonstrate an attachment to the labor market by actively participating in job location services, retraining programs or rehabilitation programs to secure employment subsequent to August 3, 2017 (see Matter of King v Riccelli Enters., 156 AD3d at 1098; Matter of Pravato v Town of Huntington, 144 AD3d at 1356-1357).
As to claimant's independent search for employment, he submitted proof that he had applied to numerous job postings on the Internet. The postings, however, either do not reference the physical requirements of the job or require physical exertion in excess of claimant's medical restrictions, and claimant has not presented any evidence that the jobs he has applied for fall within his medical restrictions. Inasmuch as there is no proof in the record that claimant has sought employment within his medical restrictions, the Board's decision that he has not demonstrated an attachment to the labor market is supported by substantial evidence and, therefore, its suspension of claimant's benefits will not be disturbed (see Matter of Zamora v New York Neurologic Assoc., 19 NY3d 186, 192-193 [2012]; Matter of Mills v J.C. Penney, 59 AD3d 755, 756 [2009]). Claimant's remaining arguments have been considered and found to be without merit.
Garry, P.J., Egan Jr., Mulvey and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Regarding claimant's medical restrictions, the Board credited the opinion of claimant's treating physician, Yelena Globina, who opined that claimant suffers from a 25% disability and was limited to "sedentary work." Sedentary work is defined as being able to exert "up to 10 pounds of force occasionally and/or a negligible amount frequently to lift, carry, push, pull or otherwise move objects, including the human body. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time" (New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity at 45 [2012]). Globina also imposed restrictions on claimant to avoid frequent kneeling and squatting, to minimize bending, stooping and reaching overhead, and to avoid lifting or carrying objects over 20 pounds.