Matter of Kalembka v Slomins, Inc. (2019 NY Slip Op 05823)





Matter of Kalembka v Slomins, Inc.


2019 NY Slip Op 05823


Decided on July 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 25, 2019

527541

[*1]In the Matter of the Claim of WITOLD KALEMBKA, Appellant,
v
SLOMINS, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: June 3, 2019

Before: Garry, P.J., Lynch, Clark, Devine and Aarons, JJ.


Geoffrey Schotter, New York City, for appellant.
Stewart, Greenblatt, Manning & Baez, Syosset (Thomas A. Lumpkin of counsel), for Slomins, Inc. and another, respondents.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed March 12, 2018, which ruled, among other things, that claimant failed to demonstrate an attachment to the labor market.
Claimant established a claim for workers' compensation benefits for injuries he suffered to his head, neck, back, left knee and right wrist. The claim was later amended to include an injury to his right knee. A Workers' Compensation Law Judge (hereinafter WCLJ) subsequently found that claimant has a permanent partial disability with a class 4 severity E rating to his lumbar spine and a class 4 severity D rating to his cervical spine under table 11.1 of the 2012 New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity, and classified him with a 74% loss of wage-earning capacity with the exertional ability to do "light work." The WCLJ further found, however, that claimant had not demonstrated an attachment to the labor market and withheld benefit payments. On review, the Workers' Compensation Board modified the WCLJ's decision by finding that claimant was only capable of [*2]performing "sedentary work," but otherwise affirmed [FN1]. Claimant appeals, contending that the Board erred in finding a lack of attachment to the labor market.
We affirm. "[I]t is incumbent upon a claimant to demonstrate attachment to the labor market with evidence of a search for employment within medical restrictions" (Matter of Pravato v Town of Huntington, 144 AD3d 1354, 1356 [2016] [internal quotation marks and citations omitted]; see Matter of McKinney v United States Roofing Corp., 150 AD3d 1377, 1378 [2017]). "Whether a claimant has demonstrated an attachment to the labor market is a factual issue for the Board, and its decision in this regard will be upheld if supported by substantial evidence" (Matter of Bloomingdale v Reale Constr. Co. Inc., 161 AD3d 1406, 1407 [2018] [internal quotation marks, brackets and citations omitted]; see Matter of Pravato v Town of Huntington, 144 AD3d at 1356). "The Board has found that a claimant remains attached to the labor market when he or she is actively participating in a job location service, a job retraining program or a Board-approved rehabilitation program, or where there is credible documentary evidence that he or she is actively seeking work within his or her medical restrictions through a timely, diligent and persistent independent job search" (Matter of Palmer v Champlain Val. Specialty, 149 AD3d 1342, 1342 [2017]; see Matter of Bloomingdale v Reale Constr. Co. Inc., 161 AD3d at 1407).
The record reflects that claimant met with a representative from the Office of Adult Career and Continuing Education Services-Vocational Rehabilitation on two occasions in 2016 to discuss the office's services. Claimant also testified that he met with Workforce1 three or four times, but he did not reference when those meetings took place, and the record does not entail what his participation consisted of with either of these two job programs. Notably, claimant testified that he believed that he was unable to perform any job due to the condition of his spine. In light of the foregoing, claimant has not demonstrated "an active and good faith participation" with a job location service (Matter of Palmer v Champlain Val. Specialty, 149 AD3d at 1343; see Matter of Pravato v Town of Huntington, 144 AD3d at 1357) or that he was diligently engaged in an independent search for employment within his medical restrictions (see Matter of Zamora v New York Neurologic Assoc., 19 NY3d 186, 192-193 [2012]; Matter of Mills v J.C. Penney, 59 AD3d 755, 756 [2009]). Accordingly, the Board's decision that claimant is not attached to the labor market is supported by substantial evidence and will not be disturbed. Claimant's remaining arguments have been considered and found to be without merit.
Garry, P.J., Lynch, Clark and Devine, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Sedentary work is defined as being able to exert "up to 10 pounds of force occasionally and/or a negligible amount frequently to lift, carry, push, pull or otherwise move objects, including the human body. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time" (New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity at 45 [2012]). The Board based this functional capacity classification on the restrictions outlined by claimant's treating physician that claimant can occasionally lift five pounds and push 10 pounds, he is unable to stay in a static position for more than 20 minutes, he has limitations on climbing stairs and he is unable to do any squatting.