Matter of Joseph v Historic Hudson Val. Inc. (2022 NY Slip Op 00922)





Matter of Joseph v Historic Hudson Val. Inc.


2022 NY Slip Op 00922


Decided on February 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 10, 2022

532739
[*1]In the Matter of the Claim of Cathleen Joseph, Appellant,
v
Historic Hudson Valley Inc. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:January 10, 2022

Before:Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ.

Cathleen Joseph, Long Island City, appellant pro se.
Vecchione, Vecchione, Connors & Cano, LLP, Garden City Park (Brian M. Anson of counsel), for Historic Hudson Valley Inc. and another, respondents.



Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed December 15, 2020, which ruled, among other things, that claimant failed to demonstrate an attachment to the labor market.
Claimant was injured in a work-related accident in August 2017. Claimant returned to work in November 2017 and continued working on light duty until she was laid off in February 2018 for reasons unrelated to her injury. Her subsequent claim for workers' compensation benefits was ultimately established for injuries to her head, neck, back and left shoulder, as well as postconcussion syndrome, postural orthostatic tachycardia syndrome, non-localizing vestibular impairment, hyperacusis, tinnitus, consequential depressive disorder and consequential somatic symptom disorder. The employer and its workers' compensation carrier raised the issue of labor market attachment and claimant sought to amend the claim to include postconcussion syndrome migraines. Following hearings, a Workers' Compensation Law Judge amended the claim to include postconcussion syndrome migraines, classified her with a temporary partial disability and found that claimant was attached to the labor market. Upon administrative appeal, the Workers' Compensation Board modified by finding that claimant had not demonstrated an attachment to the labor market and rescinded the benefits awarded, but otherwise affirmed. Claimant appeals.
We affirm. "It is incumbent upon a claimant to demonstrate attachment to the labor market with evidence of a search for employment within medical restrictions" (Matter of Kalembka v Slomins, Inc., 174 AD3d 1250, 1251 [2019] [internal quotation marks, brackets and citations omitted]; see Matter of McKinney v United States Roofing Corp., 150 AD3d 1377, 1378 [2017]). "Whether a claimant has demonstrated an attachment to the labor market is a factual issue for the Board, and its decision in this regard will be upheld if supported by substantial evidence" (Matter of Ostrzycki v Air Tech Lab, Inc., 174 AD3d 1255, 1255 [2019] [internal quotation marks, brackets and citations omitted]; see Matter of Bloomingdale v Reale Constr. Co. Inc., 161 AD3d 1406, 1407 [2018]). "The Board has found that a claimant remains attached to the labor market when he or she is actively participating in a job location service, a job retraining program or a Board-approved rehabilitation program, or where there is credible documentary evidence that he or she is actively seeking work within his or her medical restrictions through a timely, diligent and persistent independent job search" (Matter of Palmer v Champlain Val. Specialty, 149 AD3d 1342, 1342-1343 [2017] [citations omitted]; see Matter of Kalembka v Slomins, Inc., 174 AD3d at 1251).
According to various medical opinions in the record, claimant is able to do some work, with restrictions on physical exertion, climbing, lifting objects weighing more than 15 pounds, as well as no prolonged standing or sitting and certain environmental conditions [*2]related to light and temperature that must be met. Claimant testified that she has met with several vocational and rehabilitation services since her job ended, including the Office of Adult Career and Continuing Education-Vocational Rehabilitation, SCORE Westchester, Workforce 1, as well as services through the Department of Labor and the Board. Although claimant prepared an extensive chronicle of her meetings and phone calls with these job programs, there is little supporting documentary evidence as to the extent of her participation with them. Moreover, claimant admitted that she had not enrolled in any vocational training and had not applied for a job within her medical restrictions since she stopped working in 2018. In light of the foregoing, we conclude that substantial evidence supports the Board's determination that claimant did not demonstrate an active participation with a job location service or that she was engaged in a diligent and persistent independent job search within her restrictions so as to maintain an attachment to the labor market (see Matter of Kalembka v Slomins, 174 AD3d at 1251-1252; Matter of Pravato v Town of Huntington, 144 AD3d 1354, 1356-1357 [2016]). Claimant's remaining arguments have been considered and found to be without merit.
Egan Jr., J.P., Clark and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.